INTERNATIONAL DERRICK AND EQUIPMENT COMPANY

v.

Henry R. BUXBAUM, individually and doing business as Tower Erection Company.

Civ. A. No. 10933.

United States District Court
E. D. Pennsylvania.

Jan. 31, 1955.

See also, 139 F.Supp. 800.

FOLLMER, District Judge.

This case is now before the Court on remand from the Court of Appeals. 210 F.2d 384. A careful review of the entire proceedings in this case in the light of the opinion of the Court of Appeals has been made.[1] Accordingly, Findings of Fact Nos. 1 to 17 inclusive and Conclusion of Law No. 1 (filed March 19, 1953) are reaffirmed; Findings of Fact Nos. 18, 19, 20 and 21 and Conclusions of Law Nos. 2, 3 and 4 are hereby vacated and set aside, and in place thereof I do hereby make the following:

### Findings of Fact

18. Although at the time of the accident defendant did not have a proprietary type of control of the antenna, it did have a control in the nature of a possessory handling of the antenna for the purpose of its erection in accordance with the terms of the contract.

19. Defendant had exclusive control as to the choice of equipment and its use, the timing, and the various details incident to the actual erection of the antenna mast. The broadcasting company's engineer and general manager were present to control possible damage to the equipment during the lifting operation, but neither took any part in the actual supervision.

20. The accident was such as in the ordinary course of things does not happen if proper care is exercised.

1. In this connection consideration has also been given to the more recent case of

21. Defendant failed to overcome the inference of negligence afforded by the circumstances of the accident.

22. Plaintiff has met its burden to prove that the damage was occasioned through negligence on the part of the defendant.

23. Plaintiff has suffered damages in the sum of $4,365.48 with interest from September 19, 1949.

### Conclusions of Law

2. The defendant failed to overcome the inference of negligence which it became his obligation to meet under the circumstances.

3. The plaintiff sustained its burden of proof to establish that the accident occurred through negligence on the part of the defendant, his agents, servants or employees.

4. Under all of the evidence, the verdict must be in favor of the plaintiff and against the defendant.

McLouth Steel Corp. v. Mesta Machine Co., 3 Cir., 214 F.2d 608.