**536**

INTERNATIONAL DERRICK & EQUIP-
MENT COMPANY, Appellant,

v.

Henry R. BUXBAUM, Individually and
Trading as Tower Erection Com-
pany, Defendant,

and

Coal Operations Casualty Co.,
Garnishee.

No. 11946.

United States Court of Appeals
Third Circuit.

Argued Nov. 8, 1956.

Decided Jan. 9, 1957.

Harrison G. Kildare, Philadelphia, Pa.,
(Rawle & Henderson, Joseph W. Hen-
derson, Philadelphia, Pa., on the brief),
for appellant.

Alexander F. Barbieri, Philadelphia,
Pa., for Buxbaum.

George P. Williams, Philadelphia, Pa.,
(Orr, Williams & Baxter, Philadelphia,
Pa., on the brief), for garnishee.

Before MARIS and KALODNER,
Circuit Judges, and WORTENDYKE,
District Judge.

KALODNER, Circuit Judge.

This is an appeal from the judgment of the District Court for the Eastern District of Pennsylvania in favor of Coal Operators Casualty Company ("insurer"), based on the District Court's determination that it was not liable under a property damage policy by reason of an exclusion clause therein.[1]

The facts may be summarized as follows:

The plaintiff, International Derrick & Equipment Company ("International Derrick"), an Ohio corporation, contracted to procure and install a metal tower and antenna mast at Station WTOA for the Mercer Broadcasting Company of Trenton, New Jersey. International Derrick erected the 265-foot supporting tower and contracted with the defendant, Henry R. Buxbaum, of Philadelphia, Pennsylvania, to raise the mast. Buxbaum furnished his own equipment, including the gin pole which he mounted on top of the tower to support the mast during the lift.

The mast had been partially raised when the gin pole suddenly bent and caused the mast to fall to the ground damaging the mast beyond repair. International Derrick, under its contract to complete the operation for the owners of the broadcasting station, purchased a new mast at a net loss to it of $4,365.48. It sought to recover that sum from Buxbaum in a suit in the United States District Court for the Eastern District of Pennsylvania. Judgment was first entered for Buxbaum[2] on the ground that International Derrick had failed to meet its burden of proof that it was damaged through Buxbaum's negligence. We reversed[3] on the ground that the District Court "failed to take into account the inference of negligence permissible under the Pennsylvania doctrine of 'exclusive control'" and "That the defendant [Buxbaum] had *exclusive control* as to the

choice of equipment and its use, the timing, and the various details incident to the actual erection of the antenna mast is shown by the undisputed testimony." (Emphasis supplied.) On remand the District Court entered judgment for International Derrick,[4] pursuant to its making the following findings of fact:

No. 18. "Although at the time of the accident defendant [Buxbaum] did not have a proprietary type of control of the antenna, *it did have a control in the nature of a possessory handling* of the antenna for the purpose of its erection in accordance with the terms of the contract.

No. 19. *"Defendant had exclusive control as to the choice of equipment and its use, the timing, and the various details incident to the actual erection of the antenna mast.* The broadcasting company's engineer and general manager were present to control possible damage to the equipment during the lifting operation, *but neither took any part in the actual supervision."* (Emphasis supplied.)

The fact that the District Court in Fact-Finding No. 18 found that Buxbaum had "possessory control" and not "proprietary control" of the antenna mast when it fell and was damaged is the nub of the controversy between the parties on this appeal. That is so because following the District Court's entry of judgment against Buxbaum, International Derrick instituted attachment sur judgment against the insurer garnishee by reason of the fact that it had issued to Buxbaum a property damage liability policy in connection with "Iron or Steel Erection", and the policy contained a clause (Exclusion G) which excluded liability with respect to "property in the care, custody or control of the insured."

1. D.C.E.D.Pa.1956, 139 F.Supp. 800.

2. International Derrick & Equipment Co. v. Buxbaum, D.C.E.D.Pa.1953, 110 F. Supp. 951.

3. 3 Cir., 1954, 210 F.2d 384, 386, 387.

4. D.C.E.D.Pa.1955, 139 F.Supp. 799, 800.

The insurer invoked the provisions of the exclusion clause in answers filed to plaintiff's interrogatories and plaintiff moved for judgment on the ground that the District Court had not found (in the suit by International Derrick against Buxbaum) that Buxbaum had "care, custody or control" of the antenna mast at the time of the accident and consequently the exclusion clause is inoperative. The District Court denied the motion on the ground that Buxbaum did have "care, custody or control" within the meaning of the exclusion clause of the policy and entered the judgment in favor of insurer which led to this appeal.

International Derrick here contends that the word "control" in the policy exclusion clause contemplates "proprietary control" rather than "possessory handling" so that the exclusion clause does not apply. Insurer urges Buxbaum's "exclusive control" is within the meaning of the word "control" as used in the exclusion clause and that it consequently applies.

The distinction suggested by International Derrick is not persuasive, and a finding of lack of control in this case would be "contrary to the fact, contrary to the ordinary definition of control quoted by appellee [5] and contrary to the settled decisional law." McLouth Steel Corp. v. Mesta Machine Co., 3 Cir., 1954, 214 F.2d 608, 612, certiorari denied Hartford Acc. & Indem. Co. v. Foster, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687.

That the mast was in Buxbaum's care, custody or control for the purposes of its erection is established by the District Court's factual finding and for purposes of the policy exclusion it should be no less true that the mast was in Buxbaum's "care, custody or control."

The scope of the "care, custody or control" exclusion and the coverage afforded by policies of insurance containing such an exclusion are clarified in the decided cases. Where the property damaged is merly incidental to the property upon which the work is being performed by the insured, the exclusion is not applicable. Cohen v. Keystone Mutual Casualty Co., 1943, 151 Pa.Super. 211, 30 A.2d 203; Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co. of New York, 1952, 280 App.Div. 665, 116 N.Y.S.2d 876, appeal denied, 1953, 281 App.Div. 744, 118 N.Y.S.2d 732, 305 N.Y. 932, 112 N.E.2d 288; Maryland Casualty Co. v. Hopper, Tex.Civ.App., 1950, 237 S.W.2d 411; A. T. Morris & Co. v. Lumber Mut. Casualty Ins. Co. of New York, 1937, 163 Misc. 715, 298 N.Y.S. 227. However, where the property damaged is under the supervision of the insured and is a necessary element of the work involved, the property is in the "care, custody, or control" of the insured. Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 2 Cir., 1952, 194 F.2d 173; L. L. Jarrell Construction Co. v. Columbia Casualty Co., D.C.S.D. Ala.1955, 130 F.Supp. 436; Root Motor Co. v. Massachusetts Bonding & Ins. Co., 1932, 187 Minn. 559, 246 N.W. 118; Maryland Casualty Co. v. Holmsgaard, 1956, 10 Ill.App.2d 1, 133 N.E.2d 910; John G. Speirs & Co. v. Underwriters at Lloyd's London, 1948, 84 Cal.App.2d 603, 191 P.2d 124.[6] In McLouth Steel Corp. v. Mesta Machine Co., supra [214 F.2d 611], we held that where the insured had negligently dropped a large roll grinder which it was in the process of installing in the plaintiff's plant, the "care, cus-

---

5. "Power or authority to manage, direct, superintend, restrict, regulate, direct, govern, administer or oversee." Black, Law Dictionary.

6. Boswell v. Travelers Indemnity Co., 1956, 38 N.J.Super. 599, 120 A.2d 250, can be reconciled with this line of cases. There the heating units with which the work was concerned were under the continuous supervision of the maintenance engineer of the owner of the premises. The Court also emphasized that the work was on the owner's premises and the units involved were attached to the realty as in Maryland Casualty Co. v. Hopper, supra. Great American Indemnity Co. of New York v. Saltzman, 8 Cir., 213 F.2d 743, certiorari denied, 1954, 348 U.S. 862, 75 S.Ct. 85, 99 L.Ed. 679, involved an unusual application of the "care, custody or control" exclusion.

tody or control" exclusion was not applicable. In that case we were compelled to rely upon Welborn v. Illinois National Casualty Co., 1952, 347 Ill.App. 65, 106 N.E.2d 142. This decision has been weakened, however, by the recent case of Maryland Casualty Co. v. Holmsgaard, supra [10 Ill.App.2d 1, 133 N.E.2d 913], where the Illinois Court declared an insurance carrier to be relieved of liability due to a "care, custody or control" exclusion. In any event, the McLouth decision involves the application of the law of Illinois and need not affect our view of the applicable law of Pennsylvania.

That the principles expressed above would be applied in the Pennsylvania courts is indicated by Speier v. Ayling, 1946, 158 Pa.Super. 404, 45 A.2d 385. There Ayling was driving Speier's automobile with Speier sitting by his side when there was an accident causing damage to the vehicle. The insurance carrier had issued a policy of insurance to Ayling containing an exclusion for damage to property "in charge of" Ayling. In holding that the claim for damage to Speier's automobile was excluded from coverage under Ayling's policy, the Court said, 158 Pa.Super. at page 407, 45 A.2d at page 387, "[b]eing in *sole* control by permission of the owner, the latter's automobile (property) was 'in charge of' Ayling, the insured." Buxbaum's supervision of and authority over the mast with respect to its erection in the presence of the broadcasting company's representatives is analogous to Ayling's charge of the car in the presence of Speier, its owner.

 In Pennsylvania " * * * it is settled that where the language of the policy is clear and unambiguous it cannot be construed to mean otherwise than what it says. It must be given the plain and ordinary meaning of the terms used * * * The parties have the right to make their own contract, and it is not the function of this Court to re-write it, or to give it a construction in conflict with

the accepted and plain meaning of the language used. * * * " Topkis v. Rosenzweig, 1939, 333 Pa. 529, 531, 532, 5 A.2d 100, 101.[7]
* * *

 That being so it is clear that in view of the fact that the antenna mast was in the "care, custody or control" of Buxbaum at the time of the accident the District Court correctly held the exclusion clause was operative.

For the reasons stated the judgment of the District Court will be affirmed.

---

7. Cited with approval in Hagarty v. Wm. Akers, Jr. Co., Inc., 1941, 342 Pa. 236, 239, 20 A.2d 317. To the same effect see Skelly v. Fidelity and Cas. Co., 1933, 313 Pa. 202, 204, 205, 169 A. 78.