Marcus G. Christ, J.
Plaintiff sues to recover $11,952.86 in insurance premiums due on two policies of insurance issued to the defendant, one for public liability and the other for workmen’s compensation.
Defendant admits the issuance of the policies and nonpayment of the premiums and bases a counterclaim for $6,928.33, on the plaintiff’s breach of its obligations under the public liability policy. This is made up of two items, viz.: attorney’s fees incurred by the defendant when the plaintiff insurance company refused to defend a lawsuit for property damage and a sum of money paid by defendant to settle the lawsuit.
Although the motion for summary judgment by the plaintiff is based on both rules 113 and 114 of the Rules of Civil Practice, other than the bare mention of the latter rule, there is no reference in the moving papers nor in the opposition papers, to partial summary judgment. Yet, it seems clear that plaintiff is entitled to immediate judgment for the difference between the plaintiff’s demand and the amount of the setoff.
In support of plaintiff’s principal contention that the defendant’s counterclaim presents no substantial questions of fact, constant reference is made to a reply, which, however, is not to be found among the moving papers.
Judging from the affidavit of plaintiff’s president, plaintiff’s affirmative defenses to the counterclaim are based upon various clauses of the insurance policy, a number of which require discussion.
There is a clause in the policy paragraph 3 of exclusions, which excludes coverage for property damage to property *333 “ rented to or in the care, custody or control of the Insured ”. And another clause B specific exclusions, paragraph 4, subdivision (g) which excludes coverage “ for operations, if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from the premises owned, rented or controlled by the insured ”.
In this case defendant was the steel erector on a school building which was being constructed in the city of Long Beach in the fall of 1953. On the night of November 6 during the course of a violent storm the partially erected steel, was blown down causing extensive damage not only to the steel but to the masonry piers which supported it. The school district was paid in excess of $20,000 for the damage and the insurance company who paid it as a subrogee then sued the general contractor, the steel supplier and the defendant here, Wright Engineering Co. as steel erector, for damages. It was that suit which the plaintiff in this case refused to defend.
So far as the above-cited clauses are concerned plaintiff’s position may be summarized as follows: Until the work was completed Wright Engineering Co. had custody of the steel and this coverage was excluded by the first clause; that when it relinquished custody, the work was completed and coverage was excluded by the second clause. This argument is specious. It assumes that in order to work on something you must have custody of it. This is certainly not true of a large steel frame, furnished by someone else and being erected on still another party’s property. Furthermore, it overlooks the fact that the action against Wright sought to recover for all the damage, not just the damage to the steel.
A more serious objection to defendant’s counterclaim is based upon condition No. 12 of the policy, which in relevant part reads as follows: “12. Action Against Company. No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured’s obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company ”. The other case did not go to judgment and neither would plaintiff here consent to the settlement, although they were asked. They simply washed their hands of the whole matter and left defendant to his own devices.
So far as the present motion is concerned it is sufficient to point out that this clause could operate only against the money paid in settlement, not against the attorney’s fee which consti *334 tutes the larger part of the counterclaim. Even the other aspect of this question seems to have been decided contrary to plaintiff’s contention in Cardinal v. State of New York (304 N. Y. 400, 410) where Judge Desmond said: “ ‘ If an insurer unjustifiably refuses to defend a suit, the insured may make a reasonable settlement or compromise of the injured person’s claim, and is then entitled to reimbursement from the insurer, even though the policy purports to avoid liability for settlements made without insurer’s consent.’ ” The last part of this quotation indicates the court was dealing with a clause similar to what we have here.
With respect to late notice of claim, the factual question is left in the air and in any event prejudice must be proved, it is not presumed.
Motion for partial summary judgment granted to the extent indicated, otherwise denied.
Settle order.