P & M STONE Co., INC., appellant, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, appellee.

No. 49861.

(Reported in 100 N.W.2d 28)

DECEMBER 15, 1959.

Holliday, Miller, Myers & Stewart, by Robert W. Brennan and Joseph B. Joyce, of Des Moines, for appellant.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee.

OLIVER, J.—This action was brought by P & M Stone Company against Hartford Accident and Indemnity Company upon a general and automobile liability insurance policy issued plain-

tiff by defendant. Coverage D of the policy—"Property Damage Liability—Except Automobile"—requires defendant to pay, on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property caused by accident. Under the heading, "Exclusions", the policy provides in part that it does not apply, under Coverage D, to injury to or destruction of property owned or occupied by or rented to the insured, property used by the insured, "property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control. * * *."

It was pleaded by plaintiff or stipulated, that Val Boulware, an employee of plaintiff, in the course of his employment, damaged a bulldozer owned by a construction company, that at the time and place plaintiff's employee was attempting to operate the bulldozer, that the damage occurred when he started or attempted to start the motor or put it into gear, that Boulware was the only person operating or attempting to operate the bulldozer and that the bulldozer was damaged in the amount of $1961.96, which plaintiff paid and for which plaintiff brought this action upon defendant's refusal to repay.

The record does not show the nature of plaintiff's business, the work connected with the damage to the bulldozer in which plaintiff was then engaged, nor the work Boulware was then doing in the course of his employment. In oral argument it was stated plaintiff's employee Boulware, in the course of his employment, was driving an automobile which became lodged in the snow and Boulware intended to use the bulldozer, which apparently was standing near by, to free the automobile. He started or attempted to start and operate the bulldozer, or put it into gear, and the damage to it resulted, apparently because its wheels were frozen into the ground.

Defendant pleaded that at the time and place in question the bulldozer was in the care, custody and control of plaintiff's employee and also that said employee was exercising physical control as to said bulldozer and that by reason of the exclusion clause hereinbefore quoted the insurance policy did not afford coverage for the loss. Plaintiff made application for a separate adjudication of points of law under R. C. P. 105, asking that the

court determine the meaning, for the purposes of this case, of such "Exclusions." The court adjudged certain provisions of the exclusion clause were applicable and, therefore, were a bar to plaintiff's recovery. Thereafter, upon motion by defendant, judgment was rendered against plaintiff on the pleadings. Plaintiff has appealed.

I. A number of courts have decided cases involving the effect of a clause in a general liability policy excluding from coverage, liability for injury or damage to property in care, custody or control of the insured. Most of these decisions are listed in an annotation in 62 A. L. R.2d 1242. The annotation states, at page 1244:

"All the cases, with one exception, support the view, either expressly or by necessary implication, that the clause in a contractor's liability policy or similar policy excluding from coverage liability for damage to property 'in care, custody, or control of insured' contemplates what is called 'possessory handling' of the property, as distinguished from 'proprietary' control. In other words, the exclusion clause applies not only in situations in which the insured is the owner of the damaged property but also in cases in which his dominion over the property damage is not based on ownership."

The case just referred to as not supporting the general view is McLouth Steel Corp. v. Mesta Machine Co., 1954, 3 Cir., 214 F.2d 608, certiorari denied 348 U. S. 873, 75 S. Ct. 109, 99 L. Ed. 687, in which the court stated it was bound by the decision in Welborn v. Illinois Nat. Cas. Co., 347 Ill. App. 65, 106 N.E.2d 142, where the Illinois court reasoned the exclusionary provision in a garage liability policy was limited to a proprietary type of control and did not cover the possessory handling incidental to repair. However, in International Derrick & Equipment Co. v. Buxbaum, 1957, 3 Cir., Pa., 240 F.2d 536, 62 A. L. R.2d 1237, the same court of appeals followed the general rule, stating that in the McLouth case which was governed by Illinois law, it was compelled to rely upon the Welborn case which had been since weakened by Maryland Casualty Co. v. Holmsgaard, 10 Ill. App.2d 1, 133 N.E.2d 910, which held such clause did exclude from coverage the insured's liability for damage to the automo-

bile of a third person, of which insured had possession for the purpose of repair.

If the property damaged is merely incidental to the property upon which the work is being performed by the insured such exclusion clause is generally held not applicable while if the property damaged is under the supervision of the insured and is a necessary element of the work involved it is held to be in the care, custody and control of insured and therefore not within the coverage of the insurance. Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 2 Cir., N. Y., 194 F.2d 173; International Derrick & Equipment Co. v. Buxbaum, supra, 1957, 3 Cir., Pa., 240 F.2d 536, 62 A. L. R.2d 1237, and citations.

II. Some other decisions involve damage to property owned by another and used by the insured without the consent of its owner. In Great American Indemnity Co. of New York v. Saltzman, 8 Cir., Ark., 213 F.2d 743, 747, certiorari denied 348 U. S. 862, 75 S. Ct. 85, 99 L. Ed. 679, an airplane enthusiast was insured under a personal liability policy which provided it did not apply to "use" including loading or unloading, of aircraft, or to the destruction of property used by, or in the care, custody or control of, insured. He entered a stranger's airplane without permission, for the purpose of inspection, and experimented with the controls, causing the airplane to start and crash into a hangar resulting in substantial damage to the airplane. Insured's entrance into the airplane was without the authority, knowledge or consent of the owner or operator, or, so far as appears from the record, the knowledge of anyone but himself. In affirming a judgment for the insured against the insurer, the court stated:

"It remains to consider the contention that the acts of the plaintiff in inspecting the aircraft placed him in the care, custody or control of the aircraft. Plaintiff was a trespasser and entered on this venture of inspecting the aircraft wholly without right or authority. The words 'care, custody or control' as they are used in the exclusionary provisions of the policy connote a lawful, normal and customary situation. They do not, we think, contemplate that a mere trespasser inspecting the aircraft has either the care, custody or control of it. The authorities cited by and relied upon by defendant are clearly not in point. In

all of the cases cited by it there was a right to either the care, custody or control, while in the instant case the plaintiff was a mere trespasser without any shadow of right to do what he was doing. Thus in Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 2 Cir., 194 F.2d 173, and Crawford v. Kansas City Stock Yards Co., 228 Mo. App. 673, 73 S.W.2d 308, cited by defendant as supporting his contentions, the party whose acts were complained of had the right to possession at the time he acted. In Cohen & Powell, Inc., v. Great American Indemity Co., 127 Conn. 257, 16 A.2d 354, 355, 131 A. L. R. 1102, in the course of the opinion it is among other things said:

" 'While the word "charge" has a very broad and varied meaning (McLoughlin v. Shaw, 95 Conn. 102, 107, 111 A. 62), a person or thing is not "in charge of" an insured within the meaning of the policy unless he has the *right to exercise dominion or control over it.*' "

However, Edwards v. Travelers Indemnity Co., 201 Tenn. 435, 300 S.W.2d 615, which quotes at length from the Saltzman case, holds damage to a bulldozer which insured used without the consent of its owner, for his own benefit and for its ordinary general purpose, was within the exclusion clause of his insurance policy "property used by the insured" and that the word "used" did not mean the insured must be using the property legally, rightfully and with the consent of its owner.

III. In some cases the exclusion clause contains also the language with reference to physical control especially relied upon by the insurer in the case at bar, viz: "except * * * property as to which the insured for any purpose is exercising physical control * * *."

One such case is Pompeii d/b/a Al's Welding Shop v. Phoenix Assur. Co. of New York, 7 App. Div.2d 806, 807, 181 N. Y. S.2d 152, 154. There an automobile owned by a third person, and in plaintiff's shop for repair, caught fire when an electric welding torch, then being used upon it by an employee of the shop, came in contact with its gas tank. The opinion states:

"* * * It would seem clear that if Root [the employee] actually jacked the car up he was exercising physical control of it for the purpose of welding the axle. On the other hand if he

did not jack the car up but was under it and applying an electric welding torch to the axle he was equally in physical control of the car for that purpose. In either event the owner had temporarily relinquished physical control of the vehicle for the purpose of having it repaired.

"* * *

"Appellant places considerable stress upon the fact that the owner of the car stood near by while the welding operation was being performed, and after the car caught on fire attempted to back it out of the garage. This in no way alters the fact that the fire started while the plaintiff through his employee was exercising physical control of the car for the purpose of welding the axle. The court below held correctly that there were no decisive triable issues of fact and that the exclusion clause applied."

The same language appears in an exclusion clause in Sanco Co. v. Employers Mutual Liability Ins. Co. of Wisconsin, N. H., 154 A.2d 454. The court there points out that the problem of whether the property damaged comes within the exclusion clauses depends upon the sufficiency of the evidence to support a finding that when damaged it was in the possessory control of plaintiff.

The term "physical control" is more difficult to define than to understand. An applicable definition of the word "physical" is "bodily as contrasted with mental." One definition of the verb "control" given by Webster's International Dictionary is: "To exercise restraining or directing influence over." The noun "control" is defined as: "The act or fact of controlling."

The operation or attempted operation of a bulldozer is a physical act or acts and one who takes bodily possession of such machine and operates or attempts to operate it is exercising physical control over it.

The provision of the exclusion clause that such physical control may be exercised "for any purpose" expressly negatives any limitation in such exercise, and neither this nor any other language in this part of the exclusion clause connotes that the exercise of such physical control must be based upon the legal right to so act or that it is otherwise limited.

We hold the part of the exclusion clause, property "as to which the insured for any purpose is exercising physical control", is here applicable and that the insurance policy does not afford coverage for insured's loss.

The other part of the exclusion clause in question is "property in the care, custody or control of the insured." Whether this part also is here effective to exclude coverage need not be determined. Nor is the adequacy of the record upon this part without question.

Our conclusion, above noted, that the insurance policy does not cover the loss, is the same as that of the trial court. It left no decisive triable issues of fact and required the dismissal of the action upon application therefor.—Affirmed.

All JUSTICES concur.