## McCreary Roofing Co., Inc. *v.* Northern Insurance Company of New York, Appellant.

Argued November 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

194

reargument refused April 15, 1971.

*Bernard F. Quinn,* with him *Quinn, Plate, Gent, Buseck & Leemhuis,* for appellant.

*Wallace J. Knox,* with him *Knox, Graham, Pearson, McLaughlin and Sennett,* for appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment affirmed.

---

CONCURRING OPINION BY MONTGOMERY, J.:

This case involves the construction and application of a contractor's liability insurance policy containing an Exclusion h(3) clause, excluding coverage for damage or injury "to property in the care, custody or control of the Insured or property as to which the Insured for any purpose is exercising physical control. . . ." The policy was issued by The Northern Insurance Company, Inc., appellant. Both parties entered motions for summary judgment on essentially undisputed facts. I concur in the affirmance of the order of the lower court, which entered summary judgment for the appellee.

The insured, McCreary, was the subcontractor engaged by the general contractor to install the roofing material on a steel deck forming the roof of a new building in Erie, Pennsylvania. In preparing to do

this work, the insured transported its material over the steel deck structure and severely damaged it. McCreary admitted that the damage was caused by the negligence of its employes in transporting heavy materials without taking proper precautions to protect the decking from the weight of the cart loaded with roofing materials. McCreary notified Northern that a claim was being made for the damage to McCreary by the owners and Eric Steel Erection Company, but Northern refused coverage, invoking the aforesaid exclusion clause. Thereafter, McCreary settled the claim with the owners and brought this suit under the policy.

A similar factual situation was before us in *Cohen v. Keystone Mutual Casualty Co.*, 151 Pa. Superior Ct. 211, 30 A. 2d 203 (1943). In that case the insured, also a subcontractor, while engaged in demolition work, damaged the roof and first floor of an adjoining building, while transporting debris across its roof with the permission of the general contractor. We held in that case that a similar exclusionary clause did not apply since it was clear that, although the contractor permitted the subcontractor to use the damaged roof, the contract between the owner and the general contractor contained a provision that the demolition work was to be conducted so that it would not interfere with the contractor's work in the damaged area, thus indicating the exclusion of the insured from the damaged first floor and the insured's lack of care, custody, and control thereof. In the present case, there is no such express exclusion but rather there is an implied necessary use of the damaged steel decking to transport the material. Although the facts were inapposite in the *Cohen* case, nevertheless we held that control is the key word and that that control has to be exclusive before the exclusion clause is applicable. Apropos of that principle President Judge RHODES, speaking for the Court,

quoted with approval from the case of *A. T. Morris & Co., Inc. v. Lumber Mutual Casualty Insurance Company of New York*, 163 Misc. 715, 719, 298 N.Y.S. 227, 231 (1937), "Possession or control of real property is indicated by an occupation exclusive of the control of any one else. The plaintiff and its employees were simply in this property temporarily for the purpose of doing the work. The control of the property still remained in the owners or lessees thereof. . . ." *Cohen v. Keystone Mutual Casualty Co.*, supra, at page 216, 30 A. 2d at 205. Since McCreary was not actually working on that portion of the roof which was damaged but its presence there was only incidental to the work involved, it is my opinion that its control thereof was not exclusive and the clause is inapplicable.

Northern claims denial of coverage under two other exclusion clauses, but these contentions are also without merit.

Clause (h) (2) excluded liability for damages to any property being used by the insured. Following the same interpretative ruling previously expressed, I interpret "used" to mean in the performance of the actual work, and not as a means of getting to the site of the work or of transferring materials thereto.

Clause (a) excludes any liability assumed by the insured under any contract or agreement. Since McCreary's liability was incurred through its negligence, not by contract or agreement, the clause is inapplicable. Moreover, especially where the insurance company is informed of the claim prior to its settlement, the insured does not jeopardize its coverage or cause the latter exclusion clause to become operative. *Murphy & Co. v. Manufacturers' Casualty Company*, 89 Pa. Superior Ct. 281 (1926).

Therefore, I respectfully concur in the order of affirmance.

HOFFMAN and SPAULDING, JJ., join in this concurring opinion.

—————

DISSENTING OPINION BY JACOBS, J.:
I dissent on the basis that insured was exercising physical control of the steel deck while installing the roofing material on it.