268 So.2d 195 (1972)
PHOENIX OF HARTFORD, a Foreign Corporation, Appellant,
v.
HOLLOWAY CORPORATION, a Florida Corporation, et al., Appellees.
No. 71-486.
District Court of Appeal of Florida, Fourth District.
July 18, 1972.
Rehearing Denied August 30, 1972.
*196 James W. Dawson, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Rockledge, for appellant.
*197 Maurice M. Paul, Orlando, and Spielvogel, Goldman & Caruso, Merritt Island, for appellees-Debar and Barker.
Joe D. Matheny, of Henderson & Matheny, Titusville, for appellee-Holloway.
REED, Chief Judge.
This is an appeal from a final judgment of the Circuit Court for Brevard County, Florida. The appellant is Phoenix of Hartford, a foreign insurance corporation. It was a defendant in the trial court with its insureds, DeBar Equipment Co., Inc., a Florida corporation, and Harry J. Barker, its president. DeBar and Barker are appellees. Holloway Corporation which occupied the position of plaintiff in the trial court is also an appellee.
The issue on this appeal involves the proper application of an exclusion in a contract of insurance between Phoenix as the insurer and DeBar and Barker as the insureds. The appellant's brief states the point on appeal in the following language:
"In a suit on a contractor's liability policy where there is an exclusion in the policy which excludes property damage to property in the care, custody or control of the insured, or as to which the insured is for any purpose exercising physical control, does such an exclusion exclude coverage for damages when the insured damages property which he is physically holding in a crane being operated by himself."
We answer the point on appeal in the affirmative, but with certain qualifications.
Holloway Corporation's amended complaint alleged that it employed defendants Barker and DeBar to move a piece of heavy equipment known as a "reactor head" from a truck to a water tank at a site on which the plaintiff was constructing certain improvements under a contract with the City of Titusville, and to place the reactor head on a pedestal in the water tank. The defendant Barker agreed to perform this work by means of a crane owned by DeBar. The complaint alleged that through defendants' negligence the reactor head and the water tank were damaged. The complaint joined Phoenix of Hartford as the insurance carrier of DeBar and Barker. The relief sought was a judgment against all three defendants for damages.
The answer by Barker and DeBar contained a cross-claim against Phoenix which alleged the existence of an insurance contract between Phoenix as the insurer and Barker and DeBar as the insureds which covered any liablilty arising out of the accident. By its answer to the complaint and cross-claim Phoenix admitted the existence of an insurance policy and that it was in effect at the time of the accident, but denied that there was any coverage afforded by the policy with respect to the accident in question because of an exclusion contained in the policy. A copy of the insuring agreement and the exclusion was attached to Phoenix's answer. Prior to trial the lower court entered a summary judgment by which it found:
"... that the policy of insurance issued to DEBAR EQUIPMENT CO., INC., a Florida corporation, and HARRY J. BARKER by PHOENIX OF HARTFORD, a foreign corporation, does not exclude the type of injury or claim for damages sought against these Defendants by HOLLOWAY CORPORATION and that there is coverage under said policy and that the PHOENIX OF HARTFORD, a foreign corporation, owes the Defendants, DEBAR EQUIPMENT CO., INC., a Florida corporation, and HARRY J. BARKER, defense under that policy and to respond in accordance with said policy any damages that might be awarded against said Defendants in this lawsuit."
* * * * * *
Despite the summary judgment, Phoenix refused to provide the insureds with a defense and failed to acknowledge any liability *198 to indemnify its insureds for any damages which might be assessed as a result of the litigation. The cause was tried before a jury which on 13 April 1971 returned a verdict in favor of the plaintiff and against DeBar Equipment Co., Inc., and Harry J. Barker in the amount of $12,000.00.
A final judgment was rendered on 2 June 1971 by which the plaintiff was awarded judgment against Phoenix in the amount of the verdict plus costs. The final judgment also awarded DeBar and Barker a judgment over against Phoenix in a like amount. The judgment provided that a satisfaction of either of the aforementioned obligations would constitute a satisfaction of the entire judgment. In addition the final judgment awarded DeBar and Barker $2,200.00 as attorney's fees plus $217.00 costs against Phoenix. It is from this judgment that Phoenix has taken the present appeal.
The facts which appear without dispute in the parties' briefs indicate that the plaintiff, Holloway Corporation, employed DeBar Equipment Co., Inc., and its president, Harry J. Barker, under an oral contract. The obligation of Barker and DeBar was to move a heavy piece of equipment from one point on the plaintiff's job site to another and there, by the use of a crane owned by DeBar, to place the equipment on a pedestal inside a water tank. Deposition testimony indicates that pursuant to this contract and on or about 18 March 1969 Barker brought a crane to the job site. With the assistance of employees of Holloway the cable from the crane was attached to the piece of equipment to be moved. Barker was the sole operator of the crane, but while he was in the process of lowering the reactor head into the water tank he was receiving instructions as to placement of the object by employees of Holloway Corporation. This was necessitated by the fact that Barker was unable to see precisely where the load was moving from his position on the crane. As this operation was in progress, the position of the crane suddenly changed causing the crane's boom to strike the side of the water tank with resultant damage to the tank and the reactor head.
With respect to the point on appeal, the parties have cited to this court no controlling statute. Implicit in the treatment which the parties have given the point on appeal is an assumption that the contract of insurance between Phoenix and DeBar and Barker was a valid contract in full force and effect on the date of the accident. The only question presented, therefore, basically must be resolved by reference to the contract, which is a comprehensive general liability policy covering bodily injury and property damage. The exclusion reads as follows:
"... This insurance does not apply:
"(i) to property damage to
* * * * * *
"(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control... ."
We recognize that exclusions of this nature are normally to be construed strictly against the insurance company. Michigan Mutual Liability Company v. Mattox, Fla. App. 1965, 173 So.2d 754, 756. At the same time, however, language in an insurance contract as in any other contract, unless the contrary is indicated, should be given its plain and normally accepted meaning. Transamerican Insurance Company v. Rutkin, Fla.App. 1969, 218 So.2d 509. Our analysis and resolution of the issue will be guided by both these principles.
At the outset it should be noted that the only property which the appellant claims to have been within the "care, custody or control of the insured" is the reactor head which was affixed to the cable of the crane at the time of the accident. Thus, we do not concern ourselves with the effect of the exclusion on any other property.
*199 The language of the exclusion with which we are concerned has been the subject of numerous appellate court opinions. Not the least of these are two from the First District Court of Appeal, Michigan Mutual Liability Company v. Mattox, supra, and Glens Falls Insurance Company v. Fields, Fla.App. 1965, 181 So.2d 187. See also a comprehensive discussion in Annot., 62 A.L.R.2d 1243. Cases which have considered the exclusion have established a distinction between "possessory control" and "proprietary control." "Proprietary control" is the right to control by reason of ownership. Proprietary control alone has generally not been held sufficient to bring the exclusionary clause into play, but the cases have usually held that where the insured has "possessory control" the exclusion applies as to the property under possessory control. This analysis is of course helpful to a certain extent, but it may be somewhat at odds with the plain meaning of the exclusion to the extent that the analysis ignores that language of the exclusion which reads as follows:
"... property ... as to which the insured is for any purpose exercising physical control. ..." (Emphasis added.)
The ordinary meaning of the word "physical" is, "... of or relating to natural or material things as opposed to things mental. ..." (Emphasis added.) See Webster's New Third International Dictionary, page 1706. Taking the foregoing as the plain meaning of the word "physical", the terms "physical control" would imply a control over a material object as distinguished from control of an intellectual nature over a person. In the present case the control over the material object, i.e., the reactor head, was in Barker, the crane operator. It was this type of control which we believe was intended by the above quoted language to result in an exclusion from coverage, even though as in this case there was a type of control which might be called "proprietary" or "intellectual" being exercised by one who was not the insured.
We hold that the exclusionary clause does apply and that the trial court erred in entering a judgment against the appellant for the entire amount of the verdict which obviously included something for damage to the reactor head. It does not follow, however, that the exclusionary clause relieves the appellant from all responsibility under the contract. The clause construed strictly simply relieves the company from an obligation to indemnify the insured from its liability for damages to the reactor head  the only thing as to which the insured was exercising control. Even giving effect to the exclusion, the appellant would be liable under the contract to provide a defense for the insured and to indemnify the insured for items of property damage covered by the insuring agreement, but not covered by the exclusion, as for example, damage to the realty caused by the accident. See Annot., 62 A.L.R.2d 1242, 1248.
The judgment is reversed, except to the extent that it awards a judgment to DeBar and Barker for attorneys' fees ($2,200.00) and costs ($217.00). To that extent the judgment is affirmed. On remand the trial court shall grant the appellant a new trial on the issue of damages only. In the conduct of the new trial, the insurance company should remain a visible party before the jury and the jury should be given specific instructions dealing with the liability of the insurance company under the insurance contract for damages caused by the insureds. A separate verdict shall be presented to the jury upon which to assess the insurance company's liability to the insureds. Thereafter, an appropriate judgment shall be entered on the verdicts. Included in the judgment shall be an award of attorneys' fees under Section 627.0127, F.S. 1969, F.S.A., for additional services which may be rendered in connection with the new trial by the insureds' attorneys.
*200 The judgment is reversed in part and affirmed in part. The cause is remanded with instructions.
WALDEN, J., concurs.
CROSS, J., dissents, with opinion.
CROSS, Judge (dissenting):
I respectfully dissent to that part of the opinion which determined the exclusionary clause to apply. I would affirm the judgment on appeal in its entirety.