CONNIE'S CONSTRUCTION CO., INC. d/b/a Connie's Construction Co., and d/b/a Steel Erectors, Inc., Appellant,

v.

FIREMAN'S FUND INSURANCE COMPANY, Appellee.

No. 2–56027.

Supreme Court of Iowa.

March 19, 1975.

Lawyer, Lawyer, Dunn & Jackson, Des Moines, for appellant.

Jones, Hoffmann & Davison, Des Moines, for appellee.

Submitted to REYNOLDSON, Acting C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

McCORMICK, Justice.

This appeal involves a coverage question under a contractor's liability insurance policy. Plaintiff Connie's Construction Co., Inc. sued its insurer, defendant Fireman's Fund Insurance Company, alleging coverage of a loss incurred by plaintiff while employed as a subcontractor erecting the steel framework of a highway commission garage. Defendant relied on an exclusion in the policy in denying coverage. The trial court held the exclusion is applicable. We reverse and remand because we find it is not applicable.

The sole question is whether the trial court erred in its holding that the exclusion is applicable. The exclusion is common in manufacturers' and contractors' liability policies. It excludes liability for property damage to "property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control * * *". The same exclusion was involved in P. & M. Stone Co. v. Hartford Acc. & Indem. Co., 251 Iowa 243, 100 N.W.2d 28 (1959). Other cases involving the exclusion are collected in Annot., 62 A.L.R.2d 1242 et seq.

The facts out of which the claim arises are uncontroverted. Plaintiff was a subcontractor employed along with other subcontractors by a general contractor, Garmer Construction Company, to build a one-story masonry and steel garage for the state highway commission in West Des Moines. Plaintiff was employed to do the steel work. The contractor supplied the materials; plaintiff supplied the equipment and labor.

On December 28, 1970, the work was nearing completion. The walls and superstructure were finished. Some roof decking was completed. The framework for receiving the remaining steel roof deck was in place except for some minor roof members at one end of the building. Plaintiff was using a crane to hoist a bundle of metal decking for installation in the roof. During this operation the boom cable broke and the boom and load fell onto the building, doing considerable damage. In this action plaintiff seeks to recover under its liability policy the cost of materials and labor necessary to repair that damage to the building.

Plaintiff brought a separate action for damage to its crane under its contractor's equipment policy with a different insurer. See Connie's Construction Company, Inc. v. Continental Western Insurance Company, 227 N.W.2d 204 (Iowa 1975), filed separately this date.

The part of the building which was damaged was completed work. The damaged area included main superstructure truss, roof members, and part of the roof deck. Much of the completed work had been inspected by the contractor and highway commission. Plaintiff had one to two weeks work left on the project. When the entire work was completed it would have to be finally accepted before plaintiff would receive final payment.

Defendant contends these undisputed facts show the damaged part of the building was "in the care, custody or control" or in the "physical control" of plaintiff within the meaning of the policy exclusion at the time of the accident. The trial court agreed. Plaintiff contends the exclusion does not apply.

■■ This is a law action tried to the court. If the trial court's findings of fact are supported by substantial evidence and were not induced by an erroneous view of law they will be sustained. However, we are not bound by findings of fact resulting from application of erroneous rules of law, nor are we bound by trial court determinations of law. Farmers Insurance Group v. Merryweather, 214 N.W.2d 184, 186–187 (Iowa 1974), and citations.

There is no dispute about the facts in this case. The issue is simply whether under those facts the policy exclusion is applicable. This raises questions regarding interpretation and construction of the exclusion.

Although we have frequently used the terms "interpretation" and "construction" interchangeably, they have a distinct technical significance which in jury cases affects whether a particular contract problem is an issue for the jury or for the court. Interpretation, the meaning of contractual words, is an issue for the court unless it depends on extrinsic evidence or on a choice among reasonable inferences from extrinsic evidence. General Casualty Co. of Wis. v. Hines, 261 Iowa 738, 745, 156 N.W.2d 118, 122–123 (1968); Restatement (Second) of Contracts § 238 at 543 (Student Ed., Tent. Drafts Nos. 1–7, 1973). Construction, the legal effect of a contract, is always a matter of law to be decided by the court. Porter v. Iowa Power and Light Company, 217 N.W.2d 221, 228 (Iowa 1974); see 3 Corbin on Contracts § 554 at 227 (1960).

When a case is tried to the court, as here, the distinction has importance in relation to our scope of review. Interpretations of words of a contract by the trial court as trier of fact are binding on us if supported by substantial evidence. See Hamilton v. Wosepka, 261 Iowa 299, 154 N.W.2d 164 (1967). In this case neither party offered extrinsic evidence bearing upon interpretation. The interpretations were not made by the court as trier of fact. Therefore, both interpretation and construction here present issues reviewed as determinations of law.

In reviewing those issues, we must first decide what the language of the exclusion means and then decide what operative effect the exclusion has in the facts of this case.

The policy does not provide definitions of the terms used. In arriving at definitions we are required to give the words their ordinary meaning rather than a specialized or technical meaning. They should be defined as laymen would understand them. Long v. Glidden Mutual Insurance Association, 215 N.W.2d 271, 273 (Iowa 1974); Rodman v. State Farm Mutual Automobile Ins. Co., 208 N.W.2d 903, 906 (Iowa 1973).

The words "care", "custody", and "control" are in common usage. They connote a possessory as opposed to a proprietary right in the property involved. They mean the insured must be in charge of the damaged property. When used together in this manner, the words are virtually synonymous. P. & M. Stone Co. v. Hartford Acc. & Indem. Co., supra. More specifically, the word "care" refers to temporary charge, the word "custody" implies a keeping or guarding, and "control" indicates the power or authority to manage, superintend, direct, or oversee. Employers M. L. Ins. Co. of Wis. v. Puryear Wood Pr. Co., 247 Ark. 673, 679, 447 S.W.2d 139, 143 (1969).

"Physical control" as used in the exclusion means bodily possession, the kind of possession which is more likely to exist when personal property is involved. P. & M. Stone Co. v. Hartford Acc. & Indem. Co., supra.

The problem in this case is construction of the exclusion in relation to the undisputed facts. Did plaintiff have "care, custody, or control" or "physical control" of the damaged part of the building within the meaning of the exclusion?

The doctrine of contra proferentem applies. Since an insurance policy is a contract of adhesion its provisions will be construed in their light most favorable to the insured. Benzer v. Iowa Mutual Tornado Insurance Ass'n, 216 N.W.2d 385, 389 (Iowa 1974). In keeping with that principle, exclusions are strictly construed against the insurer. Dirgo v. Associated Hospitals Service, Inc., 210 N.W.2d 647, 650 (Iowa 1973).

The purposes of the exclusion shed light on the construction it should receive. An

authoritative statement of these purposes appears in F. Cooke, Care, Custody or Control Exclusions, 1959 Ins.L.J. 7, 9:

"There are several different reasons for such an exclusion in the policy. Fundamentally, were it not for the exclusion there would be a greater moral hazard as far as the insurance company is concerned. It also eliminates the possibility of the insured making the insurance company a guarantor of its workmanship.

"The liability policy contemplates payment generally in situations where the ordinary degree of care is the measure of liability. The premium is determined on that basis. Liability for damage to property in charge of or in care, custody or control of the insured where there is a bailment is controlled by different rules of law, and as a practical result the hazard is greatly increased."

The courts have been guided by this statement of purposes. See Royal Indemnity Company v. Smith, 121 Ga.App. 272, 173 S.E.2d 738 (1970); Hendrix Elec. Co., Inc. v. Casualty Reciprocal Exch., 297 So.2d 470 (La.App.1974); Elcar Mobile Homes, Inc. v. D. K. Baxter, Inc., 66 N.J.Super. 478, 169 A.2d 509 (1961); Slate Construction Co. v. Bituminous Casualty Corp., 228 Pa.Super. 1, 323 A.2d 141 (1974).

▇▇ The result has been general agreement among the courts that the exclusion is inapplicable when the property damaged is merely incidental to the property upon which the work is being performed by the insured at the time of the accident. It is applicable if the property damaged is under the supervision of the insured and is a necessary element of the work being performed. P. & M. Stone Co. v. Hartford Acc. & Indem. Co., supra, 251 Iowa at 247, 100 N.W.2d at 30, and citations; see Thomas W. Hooley & Sons v. Zurich Gen. Acc. & L. Ins. Co., 235 La. 289, 103 So.2d 449 (1958), and citations. It is also generally held that the control of the damaged property by the insured must be exclusive before the exclusion is applicable. This follows from the

analogy to the law of bailment. Klapper v. Hanover Ins. Co., 39 Misc.2d 215, 240 N.Y. S.2d 284 (1963); see Harris, Jolliff & Michel, Inc. v. Motorists Mutl. Ins. Co., 21 Ohio App.2d 81, 255 N.E.2d 302 (1970).

Applicability of the exclusion has usually been denied when a subcontractor's work on real estate is involved. Royal Indemnity Company v. Smith, 121 Ga.App. 272, 274, 173 S.E.2d 738, 739 ("Where real property is involved, the courts have been very reluctant to find care, custody or control in repairmen or subcontractors who have been engaged to work on only a portion of the structure".). Nevertheless, the language of the exclusion does not preclude "care, custody or control" or "physical control" of real estate:

"We are of the opinion that what constitutes 'care, custody or control' or 'exercising physical control' depends not only upon whether the property is realty or personalty, but as well upon many other facts, such as the location, size, shape and other characteristics of the property, what the insured is doing to it and how, and the interest in and relation of the insured and others to it. Whether the property is realty or personalty, and the precise legal relationship of the insured and others to it, may be material in a given situation; but when they are, they are merely facts (more or less important, depending upon the circumstances) to be taken in conjunction with all other facts, in determining whether there is exclusion." Elcar Mobile Homes, Inc. v. D. K. Baxter, Inc., supra, 169 A.2d at 516.

▇▇ In the present case the claim is based on damage to completed work. Plaintiff was one of several subcontractors working on the building. No damage was shown to have been caused to work in process at the time of the accident. The property damaged was merely incidental to the property upon which work was being performed by plaintiff at that time. In addition, the property was not under plaintiff's exclusive control. It was subject at least to

supervisory control by the general contractor. L. L. Jarrell Construction Co. v. Columbia Casualty Co., 130 F.Supp. 436 (S.D. Ala.1955). Control of that property was certainly not a "necessary element" of the work being performed by plaintiff at the time of the accident.

We do not understand that plaintiff claims anything for damage to the steel being hoisted by the crane at the time the cable broke. Also, no danger exists in these facts that coverage is being alleged for loss attributable to plaintiff's workmanship on the building or for damaged property held by plaintiff as a bailee.

We hold that the portion of the building which was damaged was not within the care, custody, or control or actual physical control of plaintiff within the meaning of the exclusion.

Other courts have reached the same conclusion in analogous facts. See Phoenix of Hartford v. Holloway Corporation, 268 So.2d 195 (Fla.App.1972); Royal Indemnity Company v. Smith, supra; Hendrix Elec. Co., Inc. v. Casualty Reciprocal Exch., supra; General Mutual Insurance Co. v. Wright, 7 Misc.2d 331, 161 N.Y.S.2d 974 (1957); Slate Construction Company v. Bituminous Casualty Corporation, supra; McCreary Roofing Co. v. Northern Ins. Co. of N. Y., 218 Pa.Super. 193, 275 A.2d 388 (1971) (damage to roof decking).

The trial court findings were induced by an erroneous view of the law.

The case must be reversed and remanded for entry of judgment for such damages to the building as the trial court finds plaintiff proved were caused by the accident involved.

Reversed and remanded.