Delbert Ayers FYE, Jr., and Carolyn K. Fye, Appellees,

v.

Samuel R. COX and Thelma I. Cox, Appellants.

No. 60199.

Supreme Court of Iowa.

March 22, 1978.

Garold F. Heslinga, of Heslinga & Heslinga, Oskaloosa, for appellants.

Stephen C. Gerard, of Baumert & Gerard, Sigourney, for appellees.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question in this appeal from a decree of specific performance is whether a contract sale of real estate "subject to" a real estate mortgage obligates the purchaser to reimburse the seller for mortgage payments made during the life of the contract before the seller is required to convey marketable title. The trial court held that a sale subject to a mortgage does not impose such an obligation on the purchaser. As a result defendants Samuel R. Cox and Thelma I. Cox were ordered to convey a farm to plaintiffs Delbert Ayers Fye, Jr. and Carolyn K. Fye. We affirm.

The real estate contract between the parties was entered February 21, 1966. It was prepared by defendant Samuel R. Cox, owner of the 228-acre farm involved.

In material part the contract provided: WITNESSETH, that the Seller, in consideration of the Covenants and agreements of the Purchasers herein contained, and *subject to* the Mortgage of Record held by The Rubio Savings Bank of Brighton, Brighton, Iowa, and also *subject to* the Mortgage of Record held by A. J. Steinbeck, Rubio, Iowa, do [sic] hereby sell and agree to convey unto the Purchasers or their assigns, by deed of General Warranty, upon full performance by the Purchasers of their part of this agreement, the following described Real Estate situated in Keokuk County, Iowa, to-wit:

[description omitted]

In consideration of the premises and the covenants and agreements herein contained to be kept and performed by the Seller, the Purchasers agree to pay the Seller as and for the purchase price of said Real Estate the sum of Thirty-five Thousand Dollars at the FARMERS SAVINGS Bank, Packwood, Iowa, in the manner and at the times stipulated as follows, to-wit:

[schedule of installment
payments omitted]

\*　　\*　　\*　　\*　　\*　　\*

Upon full performance of this agreement and after the final payment has been made, the Seller or his assigns shall deliver to the Purchasers a good and sufficient abstract of title to said real estate showing merchantable title of record as of March 1, 1966 except as stated aforesaid. (Emphasis supplied).

Plaintiffs made the installment payments required by the contract. At the time the contract was entered the balance on defendants' mortgage to Rubio Savings Bank was $4140. The balance on the mortgage to Steinbeck was $2000. Defendants paid those mortgages pursuant to their terms, and they were satisfied and released.

Plaintiffs requested conveyance of marketable title after making the final installment payment December 30, 1975. Defendants refused to convey unless they were first reimbursed for the amount they paid on the mortgages during the life of the contract, with interest through December 30, 1975. They computed the amount as $9891.77.

Defendants contend a purchase of real estate "subject to" a mortgage is a purchase of only an equitable interest in the property. This means, under their theory, that the purchaser is not obligated personally to pay the mortgage but is bound to reimburse the seller for payment of the mortgage before he is entitled to conveyance of marketable title. In resisting this contention plaintiffs allege a purchase of real estate subject to a mortgage does not constitute an assumption of the mortgage debt and, when the contract calls for conveyance of marketable title upon payment of the final contract installment, the purchaser is not required to reimburse the seller for the amounts he has paid to satisfy the mortgage.

■ The parties agree the sole issue is one of construction of the contract. Construction of a contract involves determination of its legal effect. It is always a matter of law for the court. *Connie's Construction Co., Inc. v. Fireman's Fund Insur-*

727

ance *Company,* 227 N.W.2d 207, 210 (Iowa 1975).

The parties also agree a purchaser of mortgaged land who buys it subject to the mortgage does not incur a personal obligation to the mortgagee to pay the mortgage without additional language showing an assumption of the debt or a covenant to pay it. Our leading case on this point is *Des Moines Joint Stock Land Bank v. Allen,* 220 Iowa 448, 452, 261 N.W. 912, 915 (1935) ("It is the well-settled rule of law that where property is conveyed subject to an existing mortgage, the grantee is not liable for the payment of such mortgage, unless it appears from the evidence that he agreed to assume it."). This is the general rule. 55 Am.Jur.2d Mortgages § 1048. ("A statement in a deed that it is made 'subject to' a specified mortgage does not alone make the grantee personally liable for the payment of the mortgage debt, because such a stipulation does not with sufficient clearness import an intention by the grantor to create, and by the grantee to assume, a personal obligation to pay the mortgage debt.")

No competent evidence exists in the present case from which an agreement by plaintiffs to assume or pay the mortgage debt directly can be found. However, conceding plaintiffs did not obligate themselves to pay the mortgages directly, defendants argue plaintiffs are nevertheless bound to reimburse them for their payments on the mortgages during the life of the contract. This is a distinction without a difference under the record here.

Nothing in the contract required plaintiffs to pay anything more than the installment purchase price. The contract expressly provided that after the final payment was made defendants were to convey marketable title. Under the *Allen* case the contract language making the sale "subject to" the two mortgages served only to recognize the mortgagees' rights to seek satisfaction of the mortgages from the land in the event of the mortgagors' failure to meet their mortgage obligations. It did not make plaintiffs personally liable to the mortgagees nor did it make them liable to defendants for the mortgage debt. Nothing in the other language of the contract or other evidence did either.

The trial court was right in decreeing specific performance.

AFFIRMED.