**Jane JENSEN, Appellee,**

v.

**JEFFERSON COUNTY MUTUAL INSURANCE ASSOCIATION, Appellant,**

**Grinnell Mutual Reinsurance Company, Defendant.**

**No. 92–1766.**

Supreme Court of Iowa.

Jan. 19, 1994.

Craig R. Foss of Foss, Kuiken & Gookin, P.C., Fairfield, for appellant.

Greg A. Life of Life Law Office, Oskaloosa, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

SNELL, Justice.

I. Appellant, Jefferson County Mutual Insurance Association (JCMI), appeals from a Jefferson County District Court's declaratory judgment holding that a homeowners insurance policy it issued to appellee, Jane Jensen (Jensen), covered the fire loss Jensen sustained to her home in September of 1990. Jensen sought a declaratory judgment requesting that the district court determine her rights under her homeowners policy after her husband set fire to her home. The district court held Jensen's policy covered the fire loss. On appeal, we must determine whether Jensen's recovery is barred by a condition in the policy purporting to exclude from coverage any losses created by Jensen's spouse. Our review of the district court's judgment is for errors at law. Iowa R.App.P. 4.

II. Jane Jensen and Michael Ehrmann (Ehrmann) married in October 1989. In July 1990 Jensen purchased a home from Myrtle DeGood on a contract for deed. Jensen purchased an insurance policy for the home from JCMI. Jensen was the only named insured on the face of the policy. In August 1990, Jensen and Ehrmann began experiencing marital problems. On September 19, 1990, Jensen asked Ehrmann to move out of her home. When Ehrmann began packing his belongings, Jensen went to a friend's house to stay until Ehrmann moved out completely. Late that evening, or early on the morning of September 20, 1990, Ehrmann set Jensen's home on fire. Ehrmann was taken into custody shortly after authorities arrived. He was hospitalized for severe depression.

Jensen filed a loss claim with JCMI under her homeowners policy. JCMI denied coverage based on the following provision.

**15. Increase of Hazard**

**We** will not pay for loss if **you** create or know of a condition that increases the chance of loss arising from a covered peril. The policy defined the term **"you"** as follows:

1. **"You"** and **"your"** mean the Insured named in the Declarations and spouse if living in the same household.

III. In *Vance v. Pekin Insurance Co.*, we first discussed the doctrine of the innocent coinsured spouse in Iowa. *Vance v. Pekin Ins. Co.*, 457 N.W.2d 589 (Iowa 1990). In *Vance*, we adopted what has become commonly known as the "best reasoned rule" for analyzing cases involving innocent coinsured spouses. *Id.* at 592. Recovery under the best reasoned rule "depends—not on property rationales or marital relationships—but on a contract analysis of the insurance policy provisions." *Id.; see generally* Leane E. Cerven, Note, *The Problem of the Innocent Co–Insured Spouse: Three Theories on Recovery*, 17 Val.U.L.Rev. 849 (1983). When applying the best reasoned rule, our principles of contract interpretation "peculiar to insurance policies apply." *Id.*

■ Interpreting the meaning of insurance policy words is also an issue of law for the court to decide unless the interpretation depends on "extrinsic evidence or on a choice among reasonable inferences from extrinsic evidence." *Grinnell Mut. Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). Extrinsic evidence refers to evidence other than the words of the policy. *Id.* When interpreting insurance policies "we seek to ascertain from its words the intent of the insurer and insured at the time the policy was sold." *Id.* Ambiguous terms are interpreted in favor of the insured. *Id.* "Because insureds have no say in how a policy is written, we interpret ambiguous policy provisions in their favor." *Connie's Constr. Co. v. Fireman's Fund Ins. Co.*, 227 N.W.2d 207, 210 (Iowa 1975). "Ambiguity exists if, after the application of pertinent rules of interpretation to the policy words, a genuine uncertainty results as to which one of two or more meanings is the proper one." *Id.; see also West Trucking Line, Inc. v. Northland Ins. Co.*, 459 N.W.2d 262, 263 (Iowa 1990).

Distinct from the task of interpreting the meaning of policy words, is the task of construing the operative legal effect of a particular policy provision. *See Connie's Constr. Co.*, 227 N.W.2d at 210. "Construction, the legal effect of a policy, is always a matter of law to be decided by the court." *Id.*

IV. JCMI argues condition fifteen of the policy excludes from coverage Jensen's loss because the loss was created by Ehrmann, her spouse. JCMI acknowledges the propriety of applying the "best reasoned rule" adopted by this court in *Vance*. *Vance*, 457 N.W.2d at 592. JCMI, however, takes issue with the distinction made by the district court between *Vance* and the case at bar. The district court found this policy was issued solely in the name of Jensen, unlike in *Vance*, where the policy was issued in the names of Donald A. and Susan M. Vance. JCMI believes this distinction is insubstantial. According to JCMI, it matters not who is the named insured in the policy. What controls is the language of condition fifteen of the policy. JCMI contends that the liability exclusion in condition fifteen must be triggered if either Jensen or her husband created the hazard because both are mentioned in the policy definition of the term "you." Thus, by this reasoning, Jensen is barred

from recovery by condition fifteen because her husband created the fire in her house. JCMI believes this policy language is unambiguous and determines that Jensen's loss is not covered.

JCMI also argues the district court erred in looking to the "reasonable expectations" of Jensen as a means of determining whether the loss was covered under the policy. We make no analysis of its application to the instant case because of our disposition on another ground.

■ V. We adhere to the application of the best reasoned rule adopted in *Vance*. *Vance*, 457 N.W.2d at 592. As required in *Vance*, we undertake our own contractual analysis of the insurance policy provisions.

We note that this is not a dispute over the proper construction of this contract provision. *See Connie's Constr. Co.*, 227 N.W.2d at 210. We are not determining the overall legal effect of the policy. There is no dispute that if the term "you," as used in condition fifteen of the policy, is interpreted to include hazards created only by Jensen, her loss is covered by the policy. Rather, we are called upon to interpret the meaning of the words used in the policy. Interpreting the meaning of insurance policy words is an issue of law for the court to decide unless the interpretation depends on "extrinsic evidence or on a choice among reasonable inferences from extrinsic evidence." *Grinnell Mut.*, 431 N.W.2d at 785. There is no "extrinsic evidence" upon which the interpretation of the terms of Jensen's policy depends. Thus, this case presents an issue of law for this court to finally decide. *Id.*

The policy condition JCMI based its denial upon reads: "**We** will not pay for loss if **you** create ... a condition that increases the chance of loss arising from a covered peril." Inserting the policy's definition of the term "you" into this clause, the provision would read as follows: "**We** will not pay for loss if [the Insured named in the Declarations *and* spouse if living in the same household] create or know of a condition that increases the chance of loss arising from a covered peril." (Emphasis added.) Under this language it appears that the chance of loss must be created by both the named insured and her

spouse in order to trigger the conditional language. Jensen's innocence regarding the fire is undisputed.

JCMI's argument is that the conditional language bars recovery if the chance of loss is created by either Jensen or her spouse. This argument substitutes "or" for "and" in the policy definition, a disingenuous turn from JCMI's claim that the language is unambiguous. Actually, the argument of unambiguousness cuts more against than for JCMI and at the least is hoisted on its own petard.

The policy definition of the word "you" can reasonably be interpreted in more than one way. JCMI's interpretation of condition fifteen equates the word "you" with "any insured." In other words, if any insured created the condition, no insured can recover. However, the word "you" can just as reasonably be interpreted to mean "the insured." Under this interpretation, the insured seeking to recover under the policy is precluded from doing so only if that insured created the condition. Because the language at issue in the instant case is subject to more than one reasonable interpretation, we find it ambiguous.

■ Ambiguous policy provisions are interpreted against the insurer, the party choosing the language. *See Grinnell Mut.*, 431 N.W.2d at 785; *see also* Cerven, 17 Val.U.L.Rev. at 868. Thus, we adopt the meaning most favorable to the insured. Consequently, we hold that the word "you" in condition fifteen refers to the person making the claim. In this case, that person is plaintiff Jensen. Since she was not involved in setting the fire to her home, condition fifteen does not apply. Plaintiff Jensen is therefore entitled to recover under the policy. The judgment of the district court is affirmed.

**AFFIRMED.**