GLICKSTEIN, Judge,
dissenting.
This is an appeal by a davits contractor which the trial court found to be without either of the two types of coverage designated in appellant’s insurance policy — (a) manufacturers’ and contractors’ liability and (b) completed operations.
The claim arose when appellant’s employees replaced standard thirty-five foot cables with forty foot cables at the customer’s request, one month after payment by the customer. The replacement was occasioned by the needs of another party, not the customer, who had rented the customer’s dock where the newly installed davits were located. The other party’s Donzi required the forty foot cable at low tide, which no one involved in the original contract contemplated. The customer did not know the other party had a boat and had ordered the davit installation for his boat.
The claim arose when appellant’s employees, in making the cable replacement, did not know that the boat’s drain plug had been removed; and the inevitable occurred when they lowered the boat into the water. Neither the customer nor the boat owner were present when appellant’s two employees allowed the boat to submerge.
I agree with the trial court’s conclusion upon the issue of liability coverage because of the following exclusion.
This insurance does not apply:
[[Image here]]
(k) to property damage to
[[Image here]]
(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control
[[Image here]]
In my view, Phoenix of Hartford v. Holloway Corporation, 268 So.2d 195 (Fla. 4th DCA 1972), is the basis for determination of this initial issue. Accordingly, I would affirm as to that coverage.
I disagree with the trial court’s conclusion upon the issue of coverage under the completed operations portion of the policy. The policy provides:
“completed operations hazard” includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. “Operations” include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed.
(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or
(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.
In my view, appellee did not meet its burden of proving non-coverage. Greenway Village South Condominium Associations I, II, III and IV, Inc. v. Roach, 397 So.2d 954, 956 (Fla. 4th DCA 1981) (terms of a policy will be construed most favorably to insured). In addition to the above recited facts, the customer’s deposition recites repeated references of his conversation with appellant’s owner who described the use of the thirty-five foot cables as a mistake which he would fix. The terms of *982 the contract called for payment of fifty percent of the cost of the work at the start of the job and fifty percent upon completion of the job. The customer stated that he paid for the work in full on August 12, 1982, and that the job was finished at that time, which was nearly a full month prior to the date at which the customer requested that the cables be replaced. This writer recognizes that appellant’s president testified that the cables were neither defective nor deficient.
Upon this second issue, the case was tried in the trial court and briefed here upon one simple point — whether the job was finished. Paragraph fifteen of the Amended Final Judgment recites:
The damage claim for which coverage is sought occurred while operations were being performed by MOORING and while MOORING was at the job site, and before the 40' cables were put to use.
Appellee’s brief is clear that the question at trial and here was limited to the foregoing consideration. The evidence is clear, from the foregoing, that the job was finished; that a third party came onto the scene with a boat with different requirements, and that the forty foot cables were a correction or repair. Accordingly, I find no basis for supporting affirmance.