The plaintiffs brought this action seeking a declaration of their rights to defense and indemnity under a comprehensive general liability insurance policy issued to the plaintiff Ceramic Tiles of Fairfield, Inc. (Ceramic), by the defendant (Aetna).
During the policy period, the plaintiff John Corsano, an employee of Ceramic, installed and grouted a ceramic tile floor in a house being constructed for Stephen and Lois Ravage. After the Ravages moved into the completed home, Mrs. Ravage asked Corsano to return and clean some grout from the surface of the tiles. Corsano sent an employee who washed the floor with an acid solution. The acid used burned the tiles. The Ravages submitted a claim for the damage to their homeowner's insurance carrier. After paying the claim, the carrier instituted a subrogation action against Corsano. Corsano notified Aetna of this suit, but Aetna refused to defend claiming that the loss was excluded from coverage under exclusions (k)(3) and (o) of the general liability policy.[1] *Page 479 
The plaintiffs thereafter initiated this declaratory judgment action. The trial court ruled that the claim for damage to the tiles came within the terms of exclusion (k)(3) of the policy and that Aetna, therefore, had no duty to defend or to indemnify Corsano in the subrogation action. The plaintiffs have appealed.
The plaintiffs claim that the trial court erred in concluding that the property damage sustained was excluded from coverage under the insurance policy. Exclusion (k)(3) of the policy precludes coverage for damage to "property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control." The plaintiffs contend that this clause applies only to claims for damage to property in which the insured has a proprietary interest. In International Derrick Equipment Co. v. Buxbaum,240 F.2d 536, 537-38 (3d Cir. 1957), however, the court rejected a similar argument and held that control in the nature of a possessory handling for the purpose of performing work on the property is sufficient to bring a claim within the meaning of the exclusion clause.
In determining the scope of the "care, custody or control" exclusion, our Supreme Court clearly relied on the analysis provided in that case: "The rule is to distinguish two situations: that in which `the property damaged is merely incidental to the property upon which the work is being performed by the insured,' and that in which `the property damaged is under the supervision of the insured and is a necessary element of the work involved.' International Derrick Equipment Co. v. Buxbaum, 240 F.2d 536, 538 (3d Cir. [1957]). It is only in the latter situation that the exclusion applies so that the insured cannot recover under the policy." Alderman v. Hanover Ins. Group,169 Conn. 603, 607, 363 A.2d 1102 (1975). *Page 480 
Applying this rule, the trial court found that the tile floor was under the supervision of the plaintiffs and that it was a necessary element of the work being performed. In view of this finding, the court correctly concluded that the "care, custody or control" exclusion was operative.
The plaintiffs further claim that the trial court should have considered Corsano's testimony regarding the cause of the property damage in determining whether Aetna had a duty to defend. We disagree. "The duty to defend means `that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury "covered" by the policy; it is the claim which determines the insurer's duty to defend.' Lee v. Aetna Casualty Surety Co., 178 F.2d 750, 751 (2d Cir. [1949])." Alderman v. Hanover Ins. Group, supra, 610.
The claim here, as framed by the allegations of the complaint, was for damages incurred when the employee washed the tile floor with an acid solution. The facts thus alleged brought the claim within exclusion (k)(3) of the policy. The trial court, therefore, properly concluded that Aetna had no duty to defend since the policy did not cover the property damage sustained.
Because we hold that exclusion (k)(3) precludes coverage of the claim for damages, we need not consider the trial court's refusal to determine the applicability of exclusion (o) to the claim or to rule on the plaintiffs' post trial motions to reopen the judgment and to amend their complaint to add a claim for attorney's fees. Neither issue would alter our conclusion that the policy does not provide coverage for the property damage in question.
 There is no error.
In this opinion COVELLO and CIOFFI, Js., concurred.