[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUPPLEMENTAL MOTION TO STRIKE
This action was instituted by the plaintiff, Martin 
Sons, Inc. ("Martin"), against its insurance carrier, Covenant Insurance Company ("Covenant"), following Covenant's refusal to defend and indemnify Martin in a separate construction litigation action entitled Robert Lahey v. Martin Sons, Inc.
On September 10, 1993, Martin filed a four count amended complaint against Covenant and Robert Lahey. In count one, Martin seeks a declaratory judgment pursuant to General Statutes § 52-29 as to the obligation of Covenant to insure and defend Martin for claims arising out of the construction action instituted by Lahey under the policies issued by Covenant to Martin. In count two, Martin seeks damages from Covenant for breach of insurance contract. In counts three and four, Martin alleges two separate violations of the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-816(1)(a) and General Statutes § 38a-816(2), respectively, by Covenant.
On October 1, 1993, Covenant filed a motion to strike each count of Martin's complaint, accompanied by a supporting memorandum. In its motion and memorandum, Covenant argues that pursuant to the plain language of the insurance policy and case law interpreting identical provisions, the plaintiff's first two counts should be stricken Covenant argues that both of the counts in which Martin alleges CUIPA violations should also be stricken since Martin alleges only CT Page 5028 a single act by Covenant.
In its memorandum in opposition to the motion to strike, filed on October 25, 1993, Martin argues that Covenant failed to specify the claims of legal insufficiency as required by Practice Book § 154 that Covenant's motion is an improper "speaking motion to strike" since it relies on facts outside of the pleadings, that Covenant's reliance on the CeramicTiles case is misplaced, and that a pattern of conduct need not be alleged for all CUIPA violations.
On October 29, 1993, Covenant filed a "supplemental motion to strike" in which it specified the claims of legal insufficiency relied on in its original motion to strike. In support of the supplemental motion, Covenant adopted the memorandum of law it filed in support of its original motion strike.
This court, Hennessey, J., originally denied Covenant's motion to strike on the ground that Covenant failed to specify the claims of legal insufficiency in the motion as required by Practice Book § 154. On January 14, 1994, this court vacated its order denying the motion in light of the filing of the supplemental motion to strike by Covenant, and now considers the merits of the supplemental motion to strike.
A motion to strike "challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike challenges the legal sufficiency of a complaint, or any of the counts thereof, to state a claim upon which relief can be granted. Practice Book § 152(1); see Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike admits all facts well-pleaded; and if the facts provable under its allegations would support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., supra, 108-09. In ruling on a motion to strike, the court is required to "take the facts to be those alleged in the complaint, [and] `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). A motion to strike which presents facts outside the pleadings is termed a "speaking motion to strike," and generally will not be granted. SeeConnecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 183,415 A.2d 771 (Super.Ct. 1979). In this circumstance, the CT Page 5029 moving party "must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros.,Inc. v. Grigsby, supra.
Counts One and Two
Covenant claims that counts one and two of Martin's complaint should be stricken because the exclusions in Martin's insurance policy with Covenant do not cover the loss as alleged in Martin's amended complaint. In its memorandum in support of its motion, Covenant refers to the terms of an insurance policy "attached as Exhibit A. . . to the Amended Complaint." However, there is no copy of an insurance policy attached to the amended complaint in the court file. As noted above, the court may not look beyond the pleadings in ruling on a motion to strike. Therefore, construing the facts alleged in the complaint in the light most favorable to Martin, the motion to strike counts one and two is denied.
Even if the policy in this case contains the same exclusion as that in the policy in Ceramic Tiles of Fairfield,Inc. v. Aetna Casualty Surety Co., 39 Conn. Sup. 477,466 A.2d 348 (App. Sess. 1983), cited by Covenant in support of its motion, the court in Ceramic Tiles applied the exclusion to the particular facts of that case after a trial, and did not determine the applicability of the exclusion on a motion to strike. In this case, whether the exclusion applies depends upon factual determinations regarding the care, custody and control" of the property. See id., 479. In its amended complaint, Martin alleges that it "did not perform any work at the construction site" (Amended Complaint, Counts One and Two, para. 10), but that it contracted with a subcontractor to perform the work. Construing these factual allegations in the light most favorable to Martin, the exclusion cited by Covenant may not apply. Whether the factual scenario described in Martin's amended complaint falls within the "care, custody and control" exclusion cannot be determined as a matter of law. The applicability of the exclusion depends on factual determinations not appropriately resolved on a motion to strike.
Counts Three and Four
In order for a plaintiff to prevail on a CUIPA claim of unfair claim settlement practices under General Statutes CT Page 5030 § 38a-816(6), a plaintiff must allege and prove more than a single act. See Mead v. Burns, 199 Conn. 651, 656, 509 A.2d 11
(1988); Aguilar v. United National Insurance Co., 825 F. Sup. 456
(D.Conn. 1993 ); Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 672, 613 A.2d 838 (1992). To successfully allege an unfair claim settlement practice, the plaintiff must allege that the defendant committed the alleged wrongful acts with such frequency as to "indicate a general business practice." See Quimby v. Kimberly Clark Corp., supra; General Statutes § 38a-816(6).
In this case, Martin has alleged violations of General Statutes § 38a-816(1) and (2), not unfair claim settlement practices under § 38a-816(6). Several superior court decisions have held that these sections do not require allegations with respect to a general business practice, and that therefore the plaintiff does not need to allege more than a single act or a general business practice. See King v. Ehorn, 8 CSCR 1299
(November 17, 1993, Rush, J.); Schott v. Great AmericanInsurance Co., 8 CSCR 988 (September 1, 1993, Hendel, J.);Bronson Townsend Co. v. Cornaglia, 1 CSCR 814 (September 30, 1986, Reynolds, J.). This court concurs with those Superior Court decisions which have so held. The court finds that since Martin's CUIPA counts are based upon alleged violations of General Statutes § 38a-816(1) and (2), not § 38a-816(6), Martin does not need to allege more than a single act.
For all the foregoing reasons, Covenant's motion to strike each count of Martin's complaint is denied.
Mary R. Hennessey, Judge