MILLER v. FIDELITY & CASUALTY CO.

(Circuit Court, S. D. New York. November 22, 1899.)

ACCIDENT INSURANCE—ACTION FOR DEATH OF INSURED—CONSTRUCTION OF POLICY.

　　Under a policy insuring the holder against "bodily injuries sustained through external, violent, and accidental means," but excepting "injuries, fatal or otherwise, resulting from poison or anything accidentally or otherwise taken, administered, absorbed, or inhaled, * * * or any disease or bodily infirmity," and providing for the payment to his legal representatives of the full amount of the policy in case of death resulting within 90 days from any of the injuries insured against, independently of all other causes, a complaint states a cause of action which alleges that the insured sustained bodily injuries by swallowing certain hard, pointed, and resistent substances of food, which accidentally, by reason of the weakened condition of his intestinal tissues, caused by an illness from which he had otherwise recovered, and which weakened condition was unknown to him, so perforated and wounded his intestinal canal as to cause his death within 90 days

This is an action at law on an accident insurance policy to recover for the death of the insured. On demurrer to complaint.

E. Spencer Miller, for plaintiff.
S. Sidney Carrere, for defendant.

WHEELER, District Judge. The policy in question runs that the defendant—

"Does hereby insure Hobart Miller, residing in Coeburn, county of Wise, and state of Virginia, by occupation lawyer, classified by the company as A special, for the term of 12 months," "in the amount of five thousand dollars, principal sum," "against bodily injuries sustained through external, violent, and accidental means, as follows: If death shall result within ninety days from such injuries, independently of all other causes, the company will pay the principal sum of this policy to the legal representatives of the assured." "This insurance does not cover disappearances; nor war risk; nor voluntary exposure to unnecessary danger; nor injuries, fatal or otherwise, resulting from poison or anything accidentally or otherwise taken, administered, absorbed, or inhaled, nor injuries fatal or otherwise received while or in consequence of having been under the influence of, or affected by, nor resulting directly or indirectly from, intoxicants, anæsthetics, narcotics, sunstroke, freezing, vertigo, sleepwalking, fits, hernia, or any disease or bodily infirmity."

The complaint alleges that the policy was in full force and effect on the 1st day of July, 1898, and:

"Fourth. That on the 1st day of July, 1898, at Coeburn, Wise county, Virginia, said Hobart Miller accidentally sustained bodily injuries by swallowing certain hard, pointed, and resistant substances of food, which substances accidentally, by reason of the force and manner with which they came in contact with the intestinal tissue of the said Hobart Miller, and accidentally, by reason of a weakened condition of the said tissue, caused by illness from which the said Hobart Miller otherwise had recovered, of which weakened

condition the said Hobart Miller had no knowledge, so perforated and wounded his intestinal canal as to cause his death at said Coeburn within ninety days after the receipt of the injuries aforesaid, to wit, on the 11th day of July, 1898."

The hard, pointed, and resistant substances of food appear from the allegations to have been external, violent, and accidental means, for they originated outside of the body, and were accidentally violent, although the accidental effect took place within. The insurance is not, by the first clause quoted, limited to an external effect, nor to one beginning at the surface. The accidental operation of external means may be wholly internal. These substances of food were neither administered, absorbed, nor inhaled, within the meaning of the second clause quoted; but injuries "from poison or anything accidentally or otherwise taken" are excluded. The food was eaten, and not taken, in the sense that it might be accidentally or otherwise injuriously done. It was merely placed where it accidentally caused the injury. A bomb taken into the hand of a person, and accidentally exploded there, causing fatal injuries, would not be said to be "taken" within the meaning of this clause; and still it would be taken into the place where it could cause the injury, as this food was. If an accident that persons of ordinary strength would withstand should kill a weak person, or a person of otherwise ordinary strength at a weak place, the accident, and not the weakness, would be said to have killed. Although the weakness should have been left by disease, the malady would not be said to have killed, but the accident would. This is what this allegation of the cause of death seems to amount to. The illness had gone, leaving only weakness at the place where the accident took effect. The question now is not whether the allegations can probably be proved, but whether, if proved as made, they will make out a case. It is now considered that they would. Demurrer overruled.