HORTON, Judge.
This action arose out of a claim by the insured, Iori Bros., Ltd., for damages sustained to its dragline. The insurer, Hawk-eye-Security Insurance Company, denied liability as being specifically excluded from the terms of its policy. On a final hearing, the parties stipulated to the facts and the court thereafter entered judgment for the insured in the amount of the claim. The insurer has appealed from this judgment, contending that the trial court imposed liability beyond the limits of the policy.
The dragline was being operated by an employee of the insured in the widening of a drainage ditch at the time the damage was sustained. In the course of this operation, the hoist lever was engaged, activating a motor-driven mechanism causing the bucket to be drawn to the outward terminus of the boom. When the bucket reached this terminus, the mechanism continued to pull the boom into a vertical position. At this point, the parties agreed, the employee “blacked out” so as to lose all control over the equipment. As a result, the boom reached a vertical position, and then a point beyond the vertical position, causing the boom to crash down upon the cab of the dragline by the natural pull of gravity. The damage to the cab is the subject matter of this claim.
The insurer rejected the insured’s claim on the ground it was specifically excluded from the terms of the policy. The claim was made under an inland marine insurance policy which covers the movable equipment of the insured. It is termed an “all risk” policy by the insurer. The limitations of the policy are prefaced with the following: “This policy insures against direct loss or damage resulting from: any external cause, * * * ”. The pivotal point of this appeal is whether or not the loss sustained by the insured was excluded from the provisions of the policy by the foregoing clause.
*917 The appellant has placed especial emphasis on the construction of the words “any external cause”; whereas such a construction would lose sight of the proximate cause of the damage as indicated by the use of the words “direct loss”. This distinction was recognized in Dubuque Fire & Marine Insurance Co. v. Caylor, 10 Cir., 249 F.2d 162, wherein the court construed a policy that appears to be identical with the one now before us. In that case, the claimants sustained damage to their heavy equipment when one of their employees mistakenly poured anti-freeze solution into the crankcase of the equipment in the belief that it was lubricating oil. Upon subsequent operation of the equipment, extreme heat developed in the moving parts causing the engine to seize and lock due to the absence of proper lubricants. The insurer denied liability upon the ground that the damage did not involve a “direct loss or damage resulting from any external cause”. After affirming the trial court’s finding that the damage was the direct result of the pouring of the antifreeze solution into the crankcase, Judge Phillips, speaking for the court, in disposing of the appellants’ contention that the damage was not the result of an external cause, said (249 F.2d at page 164):
“ * * * One question remains: Was the pouring of the anti-freeze solution into the crankcases an external cause, within the terms and meaning of the policy? At the outset, it is important to note the distinction between external ‘cause’ and external ‘damage.’ External damage refers to the condition of a particular part of a thing which has an inside and an outside, and, specifically, the outer or exterior part thereof. [Citing by footnote, 25 C.J. p. 229; 35 C.J.S. pp. 292-293; Webster’s New International Dictionary, 2d Ed.] External cause, on the other hand, is concerned with the outward source or origin of an instigating agent. [Citing by footnote, Miller v. Fidelity & Casualty Co., C.C.S.D.N.Y., 97 F. 836, 837; Jenkins v. Hawkeye Comm. Men’s Ass’n, 147 Iowa 113, 124 N.W. 199, 30 L.R.A.,N.S., 1181.] A cause which has an external source or origin is not rendered internal by the fact that its effect is internal, since it is the means and not the injury itself to. which the phrase refers. [Citing by footnote, Miller v. Fidelity & Casualty Co., C.C.S.D.N.Y., 97 F. 836, 837; Young v. Railway Mail Ass’n, 126 Mo.App. 325, 103 S.W. 557, 563; Moon v. Order of United Comm. Travelers, 96 Neb. 65, 146 N.W. 1037, 1043, 52 L.R.A.,N.S., 1203; 1 C.J. Accident Insurance § 78, p. 433 ; 45 C.J.S. Insurance § 754, p. 784.]
“Thus, applying the facts in the instant case to the question, to wit: Were the losses proximately caused by an outward agent ? it is clear, in our opinion, that such question must be answered affirmatively. Anti-freeze solution, containing ethylene glycol, was introduced into the engines from the outside and, by interfering with the normal lubrication of the engines, caused certain damages to result, all within the meaning of the insurance policy.”
Thus, in the case at bar, it can be seen that the cause of the damage to the drag-line was a direct result of the inability of the employee to act. The fact that one part of the machine struck another part does not establish an internal cause but is merely indicative of internal damage. Furthermore, the fact that the employee, whose inability to act occasioned the damage, was located within the machinery itself does not establish an internal cause. The court below properly found the damage to be the direct result of an external cause within the meaning of the policy.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.