## NATIONAL INVESTORS FIRE AND CAS. CO. v. James Ray PREDDY

5-5171                                      451 S. W. 2d 457

Opinion delivered March 23, 1970

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Branscum, Schmidt & Mazzanti,* for appellee.

LYLE BROWN, Justice. Appellee James Ray Preddy was awarded judgment against appellant, National Investors Fire and Casualty Company, based on a homeowner's policy insuring against physical damage to Preddy's house. National Investors defended on the theory that the damage was due to a mechanical breakdown in the circulating heater's duct work and that it came under one of the exclusions from coverage. The sole issue on appeal is whether the described failure constituted a "mechanical breakdown" within the meaning of that term in the exclusionary clause.

In 1965 appellee purchased a new home in Briarwood Addition in Little Rock and procured a homeowner's policy from appellant. In the winter of 1969, appellee detected trouble with his heating system. He discovered that the unit was not pushing fresh air through the ventilation system. The duct work, which came into the house under the floor and was imbedded in concrete, had apparently collapsed under the floor. It was determined to be less expensive to abandon the floor ventilation system and install an overhead heating unit in the attic. Appellee sought to recover the expense of the change-over. The cost of the project is not questioned.

Each side offered the testimony of an experienced heating and air conditioning contractor. Their testimony was not essentially in conflict. They explained that the duct work under the floor is made of fiber board, as opposed to metal; that it is in common usage; that in reality it constitutes a form which holds the concrete in place and "actually the concrete becomes the shape and form of the duct work to a great extent." Both witnesses concluded that the trouble was caused by a collapse of the duct system under the slab floor; however, they could not determine the specific cause of the collapse because that would require destruction of the floor. Neither witness observed any

ground-settling around the house. The mechanism of the heating unit was in good order.

Interpretation of the phrase "mechanical breakdown" is determinative of the only issue on appeal. In *Washington Fire & Marine Ins. Co.* v. *Ryburn*, 228 Ark. 930, 311 S. W. 2d 302 (1958), two basic rules of interpretation were stated thusly:

> It is a settled rule in this state (and appears to be the general rule elsewhere) that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer, who wrote the insurance contract, and any doubt as to the meaning of language used, should be resolved in favor of the insured. It is also well settled that exceptions and words of limitations will be strictly construed against the insurer.

Construing the phrase "mechanical breakdown" in accordance with the recited rules, we have no hesitancy in holding that the air duct, permanently imbedded in concrete, is not included within the phrase. We interpret a mechanical breakdown here to have reference to a failure in the working mechanism of the machinery— a functional defect in the moving parts of the equipment which causes the latter to cease functioning or to function improperly. Actually, that is the very common usage of the term. For example, when the thermostat on a motor vehicle sticks we refer to it as mechanical trouble; but when a tire goes flat we simply refer to it as tire trouble. In considering the phraseology of an insurance policy the common usage of terms should prevail when interpretation is required.

We are also mindful that National Investors selected the phraseology and if it were intended to include all the attachments to the heater in the exclusions it would have been the fairer procedure to have put the insured on notice by using clear-cut terminology to that effect.

An additional attorney's fee of $250 is awarded appellee.

Affirmed.