**CONNIE'S CONSTRUCTION CO., INC., d/b/a Connie's Construction Co., and d/b/a Steel Erector's Inc., Appellee,**

**v.**

**CONTINENTAL WESTERN INSURANCE COMPANY, Appellant.**

**No. 2–56445.**

Supreme Court of Iowa.

March 19, 1975.

See also Iowa, 227 N.W.2d 207.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellant.

Lawyer, Lawyer, Dunn & Jackson, Des Moines, for appellee.

Submitted to REYNOLDSON, Acting C. J., and MASON, LeGRAND, REES, and McCORMICK, JJ.

McCORMICK, Justice.

This appeal involves a question of coverage under a contractor's equipment policy. Plaintiff Connie's Construction Co., Inc., brought this action against its insurer, defendant Continental Western Insurance Company, alleging coverage of damage to an insured truck crane. The trial court found the loss was covered and entered judgment for plaintiff against defendant of $8797.17. Defendant contends the court erred in finding coverage. We affirm the trial court.

The crane was damaged on December 28, 1970, while being used to lift steel decking during construction of a garage for the state highway commission in West Des Moines. The crane cable broke, causing the boom and its load to fall onto the building. This action involves only the damage to the

crane. The boom and cable had to be replaced, and various repairs to the equipment were necessary.

The damage to the building resulted in a separate claim under a liability policy with a different insurer. See Connie's Construction Co., Inc. v. Fireman's Fund Insurance Company, 227 N.W.2d 207 (Iowa 1975), filed separately this date. Principles applicable to our review are summarized in that case and will not be repeated here.

Defendant's appeal raises two issues: whether the damage to the crane occurred from an external cause as required by the policy, and whether an exclusion of loss from mechanical breakdown or latent defect is applicable.

The only evidence bearing upon the cause of the accident was introduced by plaintiff. The evidence showed that raising the boom was accomplished by operating the crane to wind cable on a hoist drum. Plaintiff's employees had installed a longer cable on the crane than the spool of the drum had capacity to hold. As the boom was raised toward its maximum elevation to lift the steel decking to the top of the building, the spool became full. As the drum continued to turn, the excess cable slipped off the side of the spool, caught in gears on the crane, and was severed.

The trial court found the cause of the accident was the act of placing too much cable on the crane. Since this finding is supported by substantial evidence, we are bound by it.

I. Paragraph 4 of the policy provides for coverage of "[a]ll risks of direct physical loss of or damage to the insured property from any external cause, except as hereinafter provided". Defendant contends the cause of the loss in this case was the breaking of the cable and argues this was not an "external cause" within the meaning of the policy.

Defendant relies on Hawkeye-Security Insurance Company v. Iori Bros., 106 So.2d 916 (Fla.App.1958), for support of its position. That case involved a coverage dispute under an equipment policy like the one in this case. We find the case is authority for plaintiff's position. In that case a dragline operator blacked out after engaging the dragline hoist lever. The boom moved beyond the vertical position and then collapsed, falling upon the cab of the dragline and damaging it. The court ruled the employee's inability to act and not the collapse of the boom was the cause of the damage. The court held this was an external cause within the meaning of the dragline owner's equipment policy.

In doing so the Florida court cited and quoted from Dubuque Fire & Marine Insurance Co. v. Caylor, 249 F.2d 162 (10 Cir. 1957). That case is even closer to the present case. The same policy language was involved. There an employee mistakenly poured anti-freeze into the crankcases of several machines thinking it was lubricating oil. When subsequently operated, several of the machines overheated and seized. The employee's act was held to be an external cause within the meaning of the applicable equipment policy. The court said:

> "At the outset, it is important to note the distinction between external 'cause' and external 'damage'. External damage refers to the condition of a particular part of a thing which has an inside and an outside, and, specifically, the outer or exterior part thereof. External cause, on the other hand, is concerned with the outward source or origin of an instigating agent. A cause which has an external source or origin is not rendered internal by the fact that its effect is internal, since it is the means and not the injury itself to which the phrase refers." Id. at 164–165.

In the present case the cause of the accident was the act of plaintiff's employees in installing cable of excessive length on the crane. The breaking of the cable was an effect rather than the cause of the loss. The act of plaintiff's employees

was the outward source or origin of the instigating agent which led to the injury. Therefore the loss had an external cause within the meaning of the policy.

The trial court did not err in holding the cause of loss was external.

II. Paragraph 5 of the policy excludes from coverage "[l]oss or damage due and confined to * * * mechanical breakdown, * * * [o]r latent defect * * ". Defendant alleges plaintiff's loss came within this exclusion, arguing that this loss, caused by a cable of excessive length, was due to "mechanical breakdown" or a "latent defect".

This contention fails for the same reason as defendant's first contention. It mistakenly identifies the cause of the loss as the breaking of the cable rather than the act of plaintiff's employees in putting too long a cable on the crane.

"Mechanical breakdown" means a functional defect in the moving parts of machinery which causes it to operate improperly or cease operating. National Investors Fire and Casualty Co. v. Preddy, 248 Ark. 320, 322, 451 S.W.2d 457, 458 (1970). The mechanical breakdown was an effect and not the cause of plaintiff's loss. The loss was due to the act of plaintiff's employees.

"Latent defect" also presupposes that the loss was caused by an internal defect in the machine. In addition, it presupposes that the excessive length of the cable could not have been discovered in the exercise of reasonable diligence. General American Transportation Corp. v. Sun Ins. Office, Ltd., 369 F.2d 906 (6 Cir. 1966). Neither supposition is justified in this case. The act of plaintiff's employees in putting too much cable on the crane was not a "latent defect" within the meaning of the exclusion.

The trial court did not err in holding the exclusion inapplicable.

We find no reversible error.

Affirmed.