**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AMERICAN GRAPHICS, INC.,

      Plaintiff-Appellant,

v.

TRAVELERS INDEMNITY
COMPANY,

      Defendant-Appellee.

No. 00-4070

(D. UTAH)

(D.C. No. 99-CV-491-K)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL** and **LUCERO**, Circuit Judges, and **VRATIL**,[**]District Judge.

---

American Graphics, Inc. sought insurance coverage for damage to a printing press under a policy of insurance issued by Travelers Indemnity Company. After trial, the district court entered judgment for Travelers, reasoning that by virtue of the "mechanical breakdown" exclusion, the policy did not cover

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

damage to plaintiff's press. Plaintiff asserts that the district court erred in construing the policy and improperly shifted the burden of proof on the issue of exclusion. Defendant argues that plaintiff did not preserve for appeal the issue of policy construction.

## Standard of Review

The matter was tried to the court and we therefore review its findings of fact for clear error and its conclusions of law de novo. See Valley Improvement Ass'n v. United States Fid. & Guar. Corp., 129 F.3d 1108, 1115 (10th Cir. 1997). On appeal, we view the evidence in the light most favorable to the district court ruling and must uphold any finding that is permissible in light of the evidence. See Manning v. United States, 146 F.3d 808, 812-13 (10th Cir. 1998) (quotation marks and citations omitted). Because this is a diversity action, we apply the substantive law of Utah, the forum state. See Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994).

## Facts

Defendant issued plaintiff a business insurance policy which covered, among other things, damage to plaintiff's personal property. On October 12, 1998, an external cover fell into the moving parts of a six-color printing press at plaintiff's plant, and damaged the receiving end of the press. Plaintiff filed a claim under the policy, and defendant paid to repair the press and replace lost

business income.  Plaintiff returned the press to service on November 20, 1998.

Three months later, on February 16, 1999, the same press made an unusual noise and suddenly stopped working.  The gears between two ink stations had sustained damage which caused the machine to stop running.  At trial, plaintiff the position that the earlier incident could have caused the damage to the gears.  According to defendant's metallurgist, however, an object *within* the machine had entered the gear path and caused the damage.  The metallurgist, Dr. Robert Clark, found that a bolt was missing and that the receiving end of the bolt had been stripped.  After the accident, when he discovered the missing part, Clark pointed it out to Kenneth Fink, vice president and part owner of American Graphics.  Several days later, one of plaintiff's employees stated that he (or another employee under his control) had removed the bolt before the incident.

The policy covered "direct physical loss of or damage to Covered Property . . . caused by or resulting from a Covered Cause of Loss," which included "risks of direct physical loss" unless the loss was otherwise limited or excluded.  Appellee Supp. App. 5, 6.  Plaintiff relied on this coverage provision in making its claim for damage to the printer.  Defendant ultimately denied the claim, however,  under the policy exclusion for "mechanical breakdown."  That exclusion provided that defendant would not pay for "loss or damage caused by or resulting from . . . [m]echanical breakdown including rupture or bursting caused

by centrifugal force." Id. at 14-15.[1]

The district court did not make specific findings as to what caused the damage to the press gears. It did find that after the incident in October of 1998, the printing press was repaired and remained in good working order until February 16, 1999, when it stopped working due to a mechanical breakdown that was unrelated to the earlier incident. It also found that defendant had refused to pay plaintiff's claim based on the policy exclusion for damage caused by mechanical breakdown. Appellant App. 33-34.

At trial, defendant asserted that the policy plainly excluded coverage for loss or damage caused by mechanical breakdown. Plaintiff disagreed, citing the insuring clause, which provided that the policy covered "damage to" the press, and insisting that the policy exclusion for mechanical breakdown be narrowly construed. See Appellant App. 110. Before the district court rendered its decision, plaintiff faxed the court a post-trial memorandum which argued that the

---

[1]The policy also provided an exception to the mechanical breakdown exclusion. Under the policy, the mechanical breakdown exclusion did not apply if loss or damage resulted from "specified causes of loss," which included "falling objects." Under the policy, however, "falling objects" did not include loss of or damage to "[p]ersonal property in the open; or . . . property inside a building or structure, unless the roof or an outside wall of the building or structure is first damaged by a falling object." Appellee Supp. App. 25. The record contains no evidence of damage to the roof or an outside wall of plaintiff's plant. Therefore, despite suggestions that this case might involve an exception to the mechanical breakdown exclusion, we see no reason to further address that issue.

term "mechanical breakdown" was ambiguous.

In the end, the district court noted that while the policy excluded coverage for loss or damage resulting from "[m]echanical breakdown, including rupture or bursting caused by centrifugal force . . ., " the exclusion was not limited to breakdowns which involved rupture or centrifugal force. The district court then made the following conclusions of law:

> 3. The plaintiff has failed to prove that the damage to the press resulted from a Covered Cause of Loss under the policy.

> 4. As a mechanical breakdown the damage to the press falls within an excluded risk under the policy.

Appellant App. 33-34.

Plaintiff filed a post-judgment motion to amend, asking the district court to clearly define "mechanical breakdown" and enter judgment in plaintiff's favor. In response, the district court entered an order which stated that "[u]nder the policy no type of mechanical breakdown would be covered" and noted its earlier finding that the damage to the plaintiff's press was due to "some sort of mechanical breakdown." Id. at 68-69. The district court continued:

> It is unnecessary to determine exactly what the mechanical breakdown was so long as it was a mechanical breakdown, as the court found it was, it is not covered by the policy.

Id. at 69.

<u>Analysis</u>

As noted above, the insuring clause states that defendant will pay for "direct physical loss of or damage to" plaintiff's property. Plaintiff asserts that this clause, read in conjunction with the "mechanical breakdown" exclusion – which the policy does not comprehensively define – is ambiguous, and that the district court erred in failing to so hold. Plaintiff asserts that even if the press suffered a mechanical breakdown, the policy provides coverage if the mechanical breakdown caused "damage to" the press. Defendant argues that the district court correctly construed the insurance policy and that in any event, plaintiff did not preserve for appeal the issue of contract construction. We first turn to the question whether plaintiff has properly preserved the issue for appeal.

A. Preservation of issue for appeal

We generally do not consider an issue not ruled on below. <u>See</u> <u>Tele-Communications, Inc. v. Comm'r</u>, 12 F.3d 1005, 1007 (10th Cir. 1993). Review of issues not raised below would require the appeals court to frequently remand for additional evidence, would undermine the need for finality in litigation and conservation of judicial resources and would allow a party to raise a new issue on appeal when that party invited the alleged error below. <u>See</u> <u>Lyons v. Jefferson Bank & Trust</u>, 994 F.2d 716, 721 (10th Cir. 1993) (issue must be presented to, considered and decided by trial court before it can be raised on

appeal).  Vague, arguable references to a point in the district court do not preserve the issue on appeal.  Id.

During trial plaintiff's counsel did not specifically assert that the insuring clause and the "mechanical breakdown" exclusion, taken together, are "ambiguous."  Plaintiff filed a post-trial brief and a motion to amend, however, which asserted the ambiguity.  Defendant asserts that raising the issue of ambiguity in post-trial memoranda is not sufficient to preserve it for appeal.  See id. at 722 (untimely post-trial motion not sufficient to preserve issue for appeal). Plaintiff counters that at trial the district court engaged in a colloquy with plaintiff's counsel which briefly addressed the coverage clause and "mechanical breakdown" exclusion.

Because contract construction is a question of law, the issue is preserved for appeal when a party questions the construction of a specific contract term and the district court resolves that question.  We find that plaintiff properly preserved the issue of contract construction and thus proceed to the merits.

B.  Contract construction

Under Utah law, courts interpret insurance policies according to general contract principles.  See Novell, Inc. v. Fed. Ins. Co., 141 F.3d 983, 985 (10th Cir. 1998); Bergera v. Ideal Nat'l Life Ins. Co., 524 P.2d 599, 600 (Utah 1974). Whether a contract is ambiguous is a question of law.  See Alf v. State Farm Fire

& Cas. Co., 850 P.2d 1272, 1274 (Utah 1993). We construe ambiguities in an insurance contract against the insurer. Allstate Ins. Co. v. Worthington, 46 F.3d 1005, 1008 (10th Cir. 1995). If a contract is unambiguous, its interpretation is a question of law. See Fashion Place Inv., Ltd. v. Salt Lake County, 776 P.2d 941, 943 (Utah Ct. App. 1989).

Plaintiff points out that under Utah law, courts strictly construe against the insurer provisions that limit or exclude coverage. See United States Fid. & Guar. Co. v. Sandt, 854 P.2d 519, 523 (1993). Plaintiff asserts that the trial court failed to follow this rule when it broadly construed the term "mechanical breakdown." Plaintiff also argues that some mechanical breakdowns must be covered because the term is not defined in the policy. The logic of this latter argument eludes us, and we do not address it further.[2] Finally, plaintiff asserts that because the policy does not exhaustively define "mechanical breakdown," the insuring clause is ambiguous when read with the mechanical breakdown exclusion. The point of this argument is unclear, as plaintiff has not suggested a definition of "mechanical breakdown" which would permit coverage on this record. Furthermore, plaintiff has not otherwise suggested how the arguably ambiguous exclusion should be construed.

As defendant points out, policy language is not ambiguous if it is "plain to

---

[2]This argument appears in various formulations at trial and on appeal.

a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the usual meaning of the words, and in the light of existing circumstances, including the purpose of the policy." LDS Hosp. v. Capitol Life Ins. Co., 765 P.2d 857, 858-59 (Utah 1988). At trial defendant asserted that the ordinary meaning of mechanical "breakdown" is "a breaking down, wearing out, or sudden loss of ability to function efficiently, as of a machine." Random House Dictionary at 257. See Warburton v. Virginia Beach Fed. S & L  Ass'n, 899 P.2d 779,782 (Utah Ct. App. 1995) (ordinary meaning of contract terms often best determined through standard dictionaries); see also Nat'l Investors Fire & Cas. Co. v. Preddy, 451 S.W.2d 457, 458 (Ark. 1970) ("mechanical breakdown" is functional defect in moving parts of machinery which causes it to operate improperly or cease operating). Although the court did not expressly define "mechanical breakdown," it found that the press had stopped working due to a mechanical breakdown for which the policy excluded coverage.

A review of the record indicates that the parties put forth essentially two versions of the cause of damage. Plaintiff claimed that the incident in October caused the damage,[3] while defendant claimed that it resulted because a bolt came

_____

[3]As best we can articulate plaintiff's logic, it was this: the first incident was a covered risk because defendant paid plaintiff's claim for the first incident; the first incident caused the second incident; the second incident was covered because it resulted from a "covered risk," i.e. the first incident. At trial, however, despite perceptive questioning by the district court, plaintiff could not explain "why even incidents that

(continued...)

loose on account of improper maintenance. The district court apparently adopted

defendant's explanation when it found that the breakdown was unrelated to the

October incident. Plaintiff has not challenged this finding on appeal. We hold

that the district court correctly determined that the policy unambiguously

excluded coverage for mechanical breakdown under the common meaning of that

phrase, and that the damage to plaintiff's press resulted from a mechanical

breakdown under the policy.

C. Burden of Proof

Plaintiff argues that the district court erroneously required it to shoulder the

burden of proof that the claimed loss did not fall under a policy exclusion. See

LDS Hospital, 765 P.2d at 859 (once insured brings himself within insuring

clause, burden of proof to establish exceptions that would deny relief shifts to

insurer). After plaintiff presented its case, defendant moved for judgment as a

matter of law, arguing that plaintiff had not proven a loss under the insuring

clause. The court then engaged plaintiff's counsel in the following colloquy:

> The Court: You would agree, though, that it's your burden to prove
> that the loss comes within the coverage stated in the policy in the
> first instance, right?

---

(...continued)
might have related back to the October, 1998 incident might not still be a mechanical
breakdown." Plaintiff does not challenge the district court's factual finding, however,
that the two incidents were unrelated. Therefore, we need not further address this
argument.

Mr. Bailey: It is.

The Court: And then it's the defendant's burden to prove exclusion?

Mr. Bailey: Yes, that's what I think it is.

Appellee Supp. App. 34. The district court then denied defendant's motion for judgment as a matter of law at the close of plaintiff's case. At the conclusion of defendant's case, plaintiff requested judgment as a matter of law, asserting that defendant had not proved that the risk was an excluded risk. The district court asked defendant to assume that plaintiff had met its burden, and questioned "[d]o you have the burden on exclusions?" Defense counsel responded, "Sure we do." Appellee Supp. App. 70.

Although the district court orders do not explicitly state that defendant had the burden of proof on the issue of exclusions, our reading of the record – particularly the dialogue set forth above – indicates that it understood and properly allocated that burden. Plaintiff's argument to the contrary is based on the fact that while the insuring clause essentially covers any damage to property that is not excluded, the district court held that "plaintiff has failed to prove that the damage to the press resulted from a Covered Cause of Loss under the policy." According to plaintiff, this language suggests that the court improperly required it to prove that the exclusion for mechanical breakdown did not apply. In denying plaintiff's post-trial motion, however, the district court explained its view that the

damage resulted from a mechanical breakdown, which the policy excludes from coverage. The trial record contains evidence that the machine quit running because a loose object entered the gear path from inside the machine – which easily falls under the ordinary meaning of mechanical breakdown. Combined with the district court's statements at trial concerning defendant's burden to prove exclusions from coverage, and viewing the evidence in the light most favorable to the district court's ruling, we must uphold the court's judgment for defendant.

For the reasons set forth above, we **AFFIRM** the judgment of the United States District Court for the District of Utah.

Entered for the Court

Kathryn H. Vratil
United States District Judge